1  HANSON BRIDGETT LLP
   DAVINA PUJARI, SBN 183407
2  dpujari@hansonbridgett.com
   SAMIR J. ABDELNOUR, SBN 271636
3  sabdelnour@hansonbridgett.com
   MELISSA M. MALSTROM, SBN 314012
4  mmalstrom@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for TETRA TECH EC, INC.,
   AND TETRA TECH, INC.

8
   TODD A. ROBERTS (SBN 129722)
9  DENNIS J. WARD (SBN 78493)
   NICOLE S. HEALY (SBN 157417)
10 ROPERS MAJESKI PC
   1001 Marshall Street, 5th Floor
11 Redwood City, CA  94063
   Telephone:    650.364.8200
12 Facsimile:    650.780.1701
   Email:        todd.roberts@ropers.com
13               dennis.ward@ropers.com
                 nicole.healy@ropers.com
14
   Attorneys for RADIOLOGICAL SURVEY &
15 REMEDIAL SERVICES, LLC, DARYL
   DeLONG, AND BRIAN HENDERSON
16

JEFFREY L. CAUFIELD (SBN 166524)
SANTINO M. TROPEA (SBN 249215)
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 410
San Diego, CA 92108
Telephone: (619) 325-0441
Facsimile: (619) 325-0231
Email:   jeff@caufieldjames.com
         santino@caufieldjames.com

Attorneys for IO ENVIRONMENTAL &
INFRASTRUCTURE, INC.

17               **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

19

20 UNITED STATES OF AMERICA, *ex
   rel*. JAHR, *et al.*,
21
                Plaintiffs and *Qui Tam*
22              Relators,

23        v.

24 TETRA TECH EC, INC., *et al.*,

25              Defendants.

26

27

28

Case No.: 3:13-CV-03835-JD
Related Cases: 3:16-CV-01106-JD
                3:16-CV-01107-JD
                3:14-CV-01509-JD

**DEFENDANTS TETRA TECH EC, INC.,
TETRA TECH, INC., IO
ENVIRONMENTAL &
INFRASTRUCTURE, INC.,
RADIOLOGICAL SURVEY &
REMEDIAL SERVICES, LLC, DARYL
DELONG, AND BRIAN HENDERSON'S
JOINT MOTION TO DISMISS
RELATORS' COMPLAINTS BASED ON
FALSE CLAIMS ACT STATUTORY
BARS**

16715530.1

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA, *ex rel.* SMITH, |
| 2 | |
| |          Plaintiff and *Qui Tam* Relator, |
| 3 | |
| |     v. |
| 4 | |
| | TETRA TECH EC, INC., *et al.*, |
| 5 | |
| |       Defendants. |

*Filed concurrently with Request for Judicial Notice and Declaration of Samir J. Abdelnour*

Date:     October 22, 2020
Time:    10:00 a.m.
Courtroom:  11, 19th Floor
Judge:   Hon. James Donato

UNITED STATES OF AMERICA, *ex rel.* WADSWORTH, *et al.*,

         Plaintiffs and *Qui Tam* Relators,

    v.

TETRA TECH EC, INC., *et al.*,

      Defendants.

UNITED STATES OF AMERICA, *ex rel.* MCLAUGHLIN,

         Plaintiff and *Qui Tam* Relator,

    v.

SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., *et al.*,

      Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to the Stipulation and Order Regarding Responsive Pleading Briefing (ECF No. 170), on October 22, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 11, 19th Floor, United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable James Donato,[1] and pursuant to FRCP 12(b)(1) and 12(b)(6), Defendants Tetra Tech, EC, Inc. ("TtEC"), Tetra Tech, Inc. ("TTI"), IO Environmental & Infrastructure, Inc. ("IO Environmental"), Radiological Survey & Remedial Services, LLC ("RSRS"), Daryl DeLong, and Brian Henderson (collectively, "Defendants") will and hereby do jointly move this Court to dismiss with prejudice Relators' Combined Second Amended Complaint ("*Jahr* Combined

---

[1] Subject to General Order No. 72-4.

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

16715530.1

1  Complaint") in *U.S. ex rel. Arthur Jahr, et al. v. Tetra Tech EC, Inc., et al.*, Case No. 13-cv-03835

2  JD, and the Third Amended Complaint ("*McLaughlin* Complaint") in *U.S. ex rel. McLaughlin v.*

3  *Shaw Environmental & Infrastructure, Inc.*, et al., Case No. 14-cv-01509-JD.

4         Defendants request that the Court dismiss the *Jahr* Combined Complaint and the

5  *McLaughlin* Complaint pursuant to one or more statutory bars imposed by the False Claims Act

6  ("FCA") and Relators' violation of this Court's prior order regarding prosecution of claims related

7  to Hunters Point Naval Shipyard in San Francisco, California ("Hunters Point").

8         This Motion is based upon this Notice of Motion, the attached Memorandum of Points and

9  Authorities, the Request for Judicial Notice, the Declaration of Samir J. Abdelnour, and all of the

10  pleadings, files, and records in this proceeding, all other matters of which the Court may take

11  judicial notice, and any other information and argument before the Court at the hearing.

12

13  DATED:  July 23, 2020                        HANSON BRIDGETT LLP

14

15

16                                  By:  ____/s/ *Samir J. Abdelnour*____
                                          DAVINA PUJARI
17                                        SAMIR J. ABDELNOUR
                                          MELISSA M. MALSTROM
18                                        Attorneys for TETRA TECH EC, INC. and
                                          TETRA TECH, INC.
19

20  Attestation: Pursuant to Local Rule 5-1(i)(3), I, Samir J. Abdelnour, attest that concurrence in the
    filing of this document has been obtained from each of the other Signatories.

21

22

23

24

25

26

27

28

16715530.1
DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

1   DATED: July 23, 2020                 ROPERS MAJESKI PC

2

3                             By:      /s/ *Nicole S. Healy*

4                                   TODD A. ROBERTS
                                  DENNIS J. WARD

5                                   NICOLE S. HEALY
                                  Attorneys for Defendants

6                                   RADIOLOGICAL SURVEY & REMEDIAL
                                  SERVICES, LLC, DARYL DELONG, AND

7                                   BRIAN HENDERSON

8   DATED: July 23, 2020                  CAUFIELD & JAMES, LLP

9

10                             By:      /s/ *Santino M. Tropea*

11                                   JEFFERY L. CAUFIELD
                                  SANTINO M. TROPEA

12                                   Attorneys for Defendant
                                  IO ENVIRONMENTAL AND

13                                   INFRASTRUCTURE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.      STATEMENT OF ISSUES TO BE DECIDED ...................................................1

I.      INTRODUCTION...............................................................................................1

II.     PROCEDURAL BACKGROUND ......................................................................1

III.    LEGAL STANDARD .........................................................................................2

IV.     ARGUMENT ......................................................................................................3

      A.      Claims Regarding Hunters Point in the *Jahr* Combined Complaint Violate
              the Court's June 14, 2019 Order and Should Be Dismissed with Prejudice. .............4

      B.      The FCA "Government Action Bar" Precludes All Relators' Claims
              Regarding Hunters Point Because the Government Is Already a Party to a
              Civil Suit Alleging that TtEC Violated the FCA at Hunters Point. ........................4

            1.      McLaughlin's Claims Are Precluded by the "Government Action
                   Bar." ...................................................................................................5

            2.      The *Smith* and *Wadsworth* Relators' Claims Against Defendants Are
                   Also Precluded by the "Government Action Bar." .......................................6

      C.      The False Claims Act Also Precludes Relators' Claims Against Defendants
               at Hunters Point Because Relators Were Not the First to File Those Claims. ...........7

            1.      Smith Was Not the First to File an FCA Case Against TtEC and
                   TTI. ....................................................................................................8

            2.      *Wadsworth* Relators Were Not the First to File Against TtEC. ....................9

            3.      *Wadsworth* Relators' Claims Against the RSRS Defendants and IO
                   Environmental Are Precluded by the First-to-File Bar. ................................9

            4.      McLaughlin Was Not the First to File an FCA Case Against
                   Defendants.........................................................................................10

                 a.      McLaughlin's Claims Against TtEC and TTI Are Premised
                        on the Same Alleged Facts Underlying the Claims in the
                        *Jahr* Combined Complaint...........................................................10

                 b.      McLaughlin's Claims Against the RSRS Defendants and IO
                        Environmental Are Precluded by the FCA First-to-File Bar. ..........11

      D.      The FCA "Public Disclosure Bar" Precludes Relators' Claims..............................12

             1.      Relators' Claims Against TtEC and TTI in *Smith* and *Wadsworth*
                     Are Precluded by the "Public Disclosure Bar." ..........................................13

             2.      McLaughlin's Claims Against TtEC and TTI are Likewise

-i-           Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

16715530.1

Precluded by the "Public Disclosure Bar." .................................................14

3. The FCA Public Disclosure Bar Also Applies to Preclude Relators' Claims Against the RSRS Defendants and IO Environmental. ..................15

E. The U.S. Complaint Renders the *Jahr* Combined Complaint Inoperable.................16

F. Dismissal of *Jahr* Does Not Deprive Relators of Due Process...............................17

G. If the Court Denies this Motion in Whole or in Part, and Allows the *Jahr* Combined Complaint to Proceed, It Should Certify Its Order for Interlocutory Appeal and Stay Proceedings Pending Action by the Ninth Circuit...............................................................................................................18

1. Interlocutory review is appropriate under 28 U.S.C. § 1292(b).................18

2. A stay pending disposition of appeal is warranted......................................19

V. CONCLUSION ..............................................................................................................20

16715530.1

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Alcan Elec. & Eng'g*
   197 F.3d at 1018–19 ...................................................................................16

5

6

*U.S. ex rel. Amphastar Pharma. Inc. v. Aventis Pharma SA*
   856 F.3d 696 (9th Cir. 2017) .......................................................................15

7

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .......................................................................................3

8

9

*Ass'n of Irritated Residents v. Fred Schakel Dairy*
   634 F. Supp. 2d 1081 (E.D. Cal. 2008) ..........................................18, 19, 20

10

11

*U.S. ex rel. Barajas v. Northrop Corp.*
   147 F.3d 905 (9th Cir. 1998) ........................................................................9

12

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .......................................................................................3

13

14

*U.S. ex rel. Bennett v. Biotronik, Inc.*
   876 F.3d 1011 (9th Cir. 2017) ............................................................ *passim*

15

16

*U.S. ex rel. Bennett v. Biotronik, Inc.*
   No. 2:14-CV-02407-KJM-EFB, 2016 WL 1587215 (E.D. Cal. April 20, 2016),
   *affirmed*, 876 F.3d 1011 ..........................................................................15, 17

17

18

*U.S. ex rel. Brooks v. Stevens-Henager Coll., Inc.*
   359 F. Supp. 3d 1088, 1116-20 (D. Utah 2019) .................................. *passim*

19

20

*In re Cement Antitrust Litig. (MDL No. 296)*
   673 F.2d 1020 (9th Cir. 1982) .....................................................................18

21

*Conservation Force v. Salazar*
   646 F.3d 1240 (9th Cir. 2011) ........................................................................3

22

23

*In re Consolidated U.S. Atmospheric Testing*
   720 F.2d at 990 ............................................................................................18

24

*In re Consolidated U.S. Atmospheric Testing Litig.*
   820 F.2d 982 (9th Cir. 1987) .......................................................................18

25

26

*In re Duplan Corp.*
   591 F.2d 139 (2d Cir. 1978) ........................................................................19

27

28

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1

*U.S. ex rel. Eisenstein v. City of New York*
   556 U.S. 928 (2009) ...........................................................................................6

*Filtrol Corp. v. Kelleher*
   467 F.2d 242 (9th Cir.1972) ...........................................................................19

*U.S. ex rel. Hartpence v. Kinetic Concepts*
   792 F.3d 1121 (9th Cir. 2015) .....................................................................8, 12

*U.S. ex rel. Jamison v. McKesson Corp.*
   649 F.3d 322 (5th Cir. 2011) ..........................................................................15

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ..........................................................................................2

*U.S. ex rel. Lee v. Corinthian Colleges*
   Case No. CV 07-1984 PSG, 2013 WL 12114015 (C.D. Cal. Mar. 15, 2013) ....................15, 16

*Logan v. Zimmerman Brush Co.*
   455 U.S. 422 (1982) ........................................................................................18

*U.S. ex rel. Lujan v. Hughes Aircraft Co.*
   243 F.3d 1181 (9th Cir. 2001) ..................................................................8, 9, 15

*U.S. ex rel. Mateski v. Raytheon Co.*
   816 F.3d 565 (9th Cir. 2016) ..........................................................................13

*In re Natural Gas Royalties*
   562 F.3d 1032 (10th Cir. 2009) ......................................................................15

*Nken v. Holder*
   556 U.S. 418 (2009) ........................................................................................19

*U.S. ex rel. Rauch v. Oaktree Medical Centre, P.C.*
   No. 6:15-CV-01589-DCC, 2020 WL 1065955 (D.S.C. March 5, 2020) ....................19

*Reese v. BP Exploration (Alaska) Inc.*
   643 F.3d 681 (9th Cir. 2011) ..........................................................................19

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*
   277 F.R.D. 84 (W.D.N.Y. 2011) ....................................................................20

*U.S. v. Alcan Elec. & Eng'g, Inc.*
   197 F.3d 1014 (9th Cir. 1999) .....................................................................14, 16

*U.S. v. Bank of Farmington*
   166 F.3d 853 (7th Cir. 1999), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ............................................14

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

16715530.1

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) .................................................................................2

*U.S. ex rel. Wood v. Allergan, Inc.*
    899 F.3d 163 (2d Cir. 2018) ...............................................................................10

**Federal Statutes**

United States Code, Title 28
    § 1292(b) ......................................................................................................18, 20

United States Code, Title 31
    § 3729 ............................................................................................................3
    § 3730 ...........................................................................................................20
    § 3730(b) ........................................................................................................3
    § 3730(b)(4)(A) ............................................................................................16
    § 3730(b)(5) ..........................................................................................*passim*
    § 3730(c) .................................................................................................16, 20
    § 3730(c)(1) .............................................................................................2, 16
    § 3730(c)(3) ..................................................................................................16
    § 3730(d) ......................................................................................................20
    § 3730(e)(3) ...........................................................................................3, 4, 5
    § 3730(e)(4) ..................................................................................................15
    § 3730(e)(4)(A) ..................................................................................3, 12, 13
    § 3730(e)(4)(A)(i) .........................................................................................15
    § 3730(e)(4)(B) .............................................................................................13

False Claims Act ......................................................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 12(b)(1) ...................................................................................................2
    Rule 12(b)(6) ...................................................................................................2

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

16715530.1

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      STATEMENT OF ISSUES TO BE DECIDED**

1.      Do Relators' complaints violate this Court's June 14, 2019 order that Relators may *not* pursue claims related to Hunters Point after the United States of America's intervention?

2.      Does the United States' intervention bar Relators' complaints under the False Claims Act ("FCA") "government action bar"?

3.      Are Relators' complaints barred by the FCA "first to file bar," because the same essential underlying facts were alleged by other relators in an earlier *qui tam* complaint?

4.      Are Relators' complaints precluded by the FCA "public disclosure bar," because the essential factual allegations underlying the complaints were disclosed by other sources in news reports two years before the actions were filed?

5.      In light of the United States' intervention in *Jahr*,[2] *Smith*,[3] and *Wadsworth*,[4] must the *Jahr* Combined Complaint be dismissed because the FCA does not permit a relator to continue prosecuting non-intervened portions of a *qui tam* complaint?

**I.      INTRODUCTION**

This motion addresses claims asserted against Defendants by *qui tam* relators ("Relators") in *Jahr*, *Smith*, *Wadsworth*, and *U.S. ex rel. McLaughlin v. Shaw Environment and Infrastructure, Inc., et al.*, Case No. 14-1509 JD ("*McLaughlin*") (collectively, the "Relators' FCA Actions").

**II.      PROCEDURAL BACKGROUND**

From 2013 to 2016, four separate *qui tam* complaints—the Relators' FCA Actions—were filed in this Court alleging violations of the FCA related to environmental investigation and remediation conducted at Hunters Point. On January 14, 2019, the United States intervened in three of the Relators' FCA Actions, filing identical complaints in each. (*Jahr*, ECF No. 28; *Smith*, ECF No. 23; *Wadsworth*, ECF No. 23.) The United States alleges that TtEC violated the FCA during the course of work it performed for the Navy at Hunters Point.

---

[2] *U.S. ex rel. Arthur Jahr, et al. v. Tetra Tech EC, Inc., et al.*, Case No. 13-CV-03835 JD.

[3] *U.S. ex rel. Anthony Smith v. Tetra Tech EC, Inc., et al.*, Case No. 16-CV-01106 JD.

[4] *U.S. ex rel. Donald Wadsworth, et al. v. Tetra Tech EC, Inc., et al.*, Case No. 16-CV-01107 JD.

-1-                    Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD
DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

16715530.1

On June 14, 2019, after deeming *Jahr*, *Smith*, and *Wadsworth* related, the Court barred Relators from pursuing separate claims at Hunters Point after the United States' intervention:

> The relators' amended complaint should focus on those allegations that **are not related to Hunters Point** as to which the relators wish to proceed. For the allegations related to Hunters Point, the U.S. will have the primary responsibility for prosecuting the action. 31 USC 3730(c)(1). (*Jahr* ECF No. 75.) (Emphasis added.)

One month after the United States' intervention in *Jahr*, *Smith*, and *Wadsworth* (and four months after those *qui tam* complaints were unsealed), Relator in *McLaughlin* filed an amended complaint under seal, which added TtEC, TTI (collectively the "Tetra Tech Defendants"), RSRS, DeLong, Henderson (collectively the "RSRS Defendants"), and IO Environmental as defendants in that action. (*McLaughlin*, ECF No. 23.)[5] On July 1, 2019, the United States declined to intervene, and the amended complaint was unsealed. (*Id.*, ECF No. 30.) McLaughlin alleges that Defendants violated the FCA in work performed under TtEC's contracts with the Navy at Hunters Point during the same time period as alleged by the United States in *Jahr*, *Smith*, and *Wadsworth*.[6]

On July 15, 2019, the United States filed a consolidated First Amended Complaint in Intervention ("U.S. Complaint") in *Jahr*, *Smith*, and *Wadsworth*. (*Jahr*, ECF No. 82.)[7]

On February 27, 2020, Relators in *Jahr*, *Smith*, and *Wadsworth* filed a Combined Second Amended Complaint ("*Jahr* Combined Complaint") (*Jahr*, ECF No. 148), and McLaughlin filed a Third Amended Complaint ("*McLaughlin* Complaint") (*McLaughlin*, ECF No. 61).

## III.   LEGAL STANDARD

FRCP 12(b)(1) authorizes a party to seek dismissal of a claim based upon lack of subject matter jurisdiction. In a factual jurisdictional attack under FRCP 12(b)(1), the Court may properly consider matters outside the pleadings, without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). It is plaintiffs' burden to show jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim."

---

[5] Relators in all of the Relators' FCA Actions are represented by the same counsel.

[6] The Court related *McLaughlin* to *Jahr* on December 4, 2019. (*Jahr*, ECF No. 128.)

[7] Attached as Exhibit 7 to the Request for Judicial Notice ("RJN") filed concurrently herewith.

16715530.1

1    *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (citation omitted). While

2    the Court must accept as true all well-pleaded factual allegations and construe them in the light

3    most favorable to the plaintiff, it need not accept "[t]hreadbare recitals of the elements of a cause

4    of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5    (citation omitted). "Factual allegations must be enough to raise a right to relief above the

6    speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7        An FCA relator may "bring a civil action for a violation of section 3729 for the person and

8    for the United States," so long as such action is "brought in the name of the Government." 31

9    U.S.C. § 3730(b). In an action under section 3730(b), "no person other than the Government may

10   intervene or bring a related action based on" the same underlying facts. 31 U.S.C. § 3730(b)(5).

11       The FCA bars any action brought under section 3730(b), "which is based upon allegations

12   or transactions which are the subject of a civil suit or an administrative civil money penalty

13   proceeding in which the Government is already a party." 31 U.S.C. § 3730(e)(3). The FCA also

14   requires a court to dismiss an action or claim "if substantially the same allegations or transactions

15   as alleged in the action or claim were publicly disclosed . . . from the news media, unless . . . the

16   person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A).

17   **IV.    ARGUMENT**

18       The United States' intervention in *Jahr*, *Smith*, and *Wadsworth* bars Relators in each of the

19   Relators' FCA Actions from separately pursuing claims for alleged violations of the FCA at

20   Hunters Point, Treasure Island, and Alameda.[8] Relators' claims against Defendants at Hunters

21   Point are also barred because of prior public disclosures of the facts that form the basis of the

22   allegations in *Smith*, *Wadsworth*, and *McLaughlin*, and because none of those Relators was the

23   first to file a *qui tam* complaint alleging FCA violations related to TtEC's work at Hunters Point.

24

25

26

27   _____

     [8] Relators' claims at Hunters Point are addressed in Sections IV.A. to IV.E.; *Smith* and *Wadsworth*
28   Relators' claims at Treasure Island and Alameda are addressed in Section V.E. Relator
     McLaughlin does not assert claims against Defendants at Treasure Island or Alameda.

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1

**A.     Claims Regarding Hunters Point in the *Jahr* Combined Complaint Violate the Court's June 14, 2019 Order and Should Be Dismissed with Prejudice.**

Relators in *Jahr*, *Smith*, and *Wadsworth* have plainly defied this Court's June 14, 2019 order by continuing to assert FCA claims in the *Jahr* Combined Complaint, after they were ordered to "focus on those allegations that are not related to Hunters Point." (*Jahr*, ECF No. 75.) Indeed, the Court's June 14 order followed the Court's discussion with the parties on June 13, 2019, during which the Court unequivocally stated:

> **They [relators] are all out of the picture as the lead Plaintiffs on the Hunters Point issue.** They are relators. They can pitch in and have some role and that's about it. That's fine. Nobody is disputing that. I'm certainly not. (Declaration of Samir J. Abdelnour ("Abdelnour Decl."), Ex. 1 at 6:14-18.) (Emphasis added.)

Contrary to the clear directive of this Court, Relators continue to pursue the exact same claims which the Court ordered them to drop. The Court should now dismiss with prejudice all claims related to Hunters Point in the *Jahr* Combined Complaint.

**B.     The FCA "Government Action Bar" Precludes All Relators' Claims Regarding Hunters Point Because the Government Is Already a Party to a Civil Suit Alleging that TtEC Violated the FCA at Hunters Point.**

The FCA bars individuals from bringing an action for a violation of the Act "based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party." 31 U.S.C. § 3730(e)(3). This "government action bar" precludes Relators' claims regarding Hunters Point, because they are based on the same allegations and transactions at issue in the United States' action against TtEC.

In *U.S. ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011 (9th Cir. 2017) ("*Biotronik*"), the Ninth Circuit affirmed the dismissal of a relator's non-intervened *qui tam* complaint under the "government action bar," because the government had intervened in an earlier-filed *qui tam* complaint filed by a different relator. The earlier-filed action asserted FCA claims, including "the promotion of unapproved and unnecessary medical devices," bribery, funneling illegal payments to physicians, and the use of "sham clinical studies." *Biotronik*, 876 F.3d at 1014. The government intervened and settled claims against the defendant as to certain "covered conduct," but not the alleged "sham clinical studies." *Id.* After the settlement, the second relator sought to advance an

1   FCA complaint against the same defendant, based on the "sham clinical studies" allegations in

2   which the government had not intervened and did not settle. The second relator argued that the

3   government's decision not to intervene in those specific allegations and to "decline[] party status

4   [with the first relator] with respect to the claims which it did not settle" meant that section

5   3730(e)(3) did not apply to the second relator's claims. *Id.* at 1019-1021. The court disagreed and

6   affirmed the district court's dismissal of the second relator's action. In doing so, it left no doubt

7   that a *qui tam* relator may not continue litigation against a party in a related matter against whom

8   the government has declined to intervene: "Congress plainly created a bar to *qui tam* actions when

9   a Government action over the same allegations or transactions is currently ongoing." *Id. at* 1016.

10          **1.      McLaughlin's Claims Are Precluded by the "Government Action Bar."**

11          McLaughlin asserts claims against Defendants for FCA violations at Hunters Point based

12   on the same allegations and transactions at issue in the U.S. Complaint. Specifically, McLaughlin

13   alleges that TtEC performed environmental investigation and remediation work at Hunters Point

14   under contracts with the Navy identified as N44255-01-D-2000[9] and N62473-10-D-0809, Task

15   Order 4, during the time period 2010 to 2012. (*McLaughlin* Compl., ¶¶ 8, 239.) The United States

16   alleges that TtEC performed the same work at Hunters Point under the same contracts, as well as

17   thirteen others, from 2003 to 2014. (U.S. Compl., ¶¶ 30, 37 (RJN Ex. 7).)

18          McLaughlin further alleges that the Tetra Tech Defendants misrepresented the locations

19   from which soil samples were taken; took soil samples from areas known to be free of radiological

20   contamination instead of areas where samples were required to be collected; and concealed

21   evidence of radiological contamination at Hunters Point. (*McLaughlin* Compl., ¶¶ 2, 8-10, 239-

22   264.) The United States makes the same allegations. (U.S. Compl., ¶¶ 5, 47-76.)

23          McLaughlin and the United States also allege that the same individuals—Bill Dougherty,

24   Dennis McWade, Steve Rolfe, and Justin Hubbard—were involved in the alleged fraud at Hunters

25   Point. (*Compare McLaughlin* Compl., ¶¶ 8, 241-243, 255-259, *with* U.S. Compl., ¶¶ 47-76.)

26          As to IO Environmental and the RSRS Defendants, the allegations in the *McLaughlin*

27

28   [9] McLaughlin erroneously refers to contract N44255-01-D-2000 as "N44255-06-D-2000." At no
     time did TtEC or TTI have a Navy contract at Hunters Point identified as "N44255-06-D-2000."

1  Complaint relate to alleged services invoiced by and monies paid to TtEC, and include the entire

2  amount at issue in the U.S. Complaint. Indeed, McLaughlin's claims against IO Environmental

3  and the RSRS Defendants are entirely derivative of the claims alleged against TtEC.

4      Thus, even more blatantly than the second relator in *Biotronik*, McLaughlin attempts to

5  advance claims against Defendants based on the same allegations and transactions at issue in the

6  U.S. Complaint.[10] The FCA "government action bar" precludes McLaughlin from pursuing his

7  claims against Defendants, just as it precluded the second relator's claims in *Biotronik*. *Biotronik*,

8  876 F.3d at 1019-21. Therefore, the Court should dismiss McLaughlin's claims with prejudice.

9

10          **2.      The *Smith* and *Wadsworth* Relators' Claims Against Defendants Are
              Also Precluded by the "Government Action Bar."**

11      The United States became a party to *Jahr*, *Smith*, and *Wadsworth* when it intervened in

12  those actions. *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). Relators in

13  *Jahr*, *Smith*, and *Wadsworth* now allege they are pursuing violations of the FCA at Hunters Point

14  not "encompassed by" the U.S. Complaint, including alleged submissions of false claims for

15  payment and false statements by Defendants. (*Jahr* Combined Compl. at 11, 34.)

16      However, the FCA "does not state that the Government may intervene in part of the action

17  or as to certain counts or certain claims for relief. Neither does it state that the Government

18  declines party status in those claims it chooses not to prosecute or settle." *Biotronik*, 876 F.3d at

19  1020. As in *Biotronik*, the United States has intervened as to some, but not all, of the allegations at

20  Hunters Point.[11] (*See* U.S. Compl. at 16 n.3.) But as the Ninth Circuit has made clear, "the

21  Government becomes a 'party' to the suit as a whole when it intervenes. It does not become a

22  'party' to a particular claim or number of claims." *Biotronik*, 876 F.3d at 1021.

23      As was the case in *Biotronik*, claims regarding Hunters Point in the *Jahr* Combined

24  Complaint are based on the same allegations and transactions asserted in the U.S. Complaint and

25

26  _____

27  [10] In fact, McLaughlin did not assert any claims against Defendants until after the United States
    intervened in *Jahr*, *Smith*, and *Wadsworth*.

28  [11] The *Jahr* Relators concede that the United States has intervened in the entire action in *Jahr*.
    (*Jahr* Combined Compl., ¶ 22.)

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1

are therefore barred, regardless of minor distinctions or details. *See id.* at 1014 (noting that the government's intervention "did not include the alleged sham clinical studies," but affirming dismissal of those claims under the government action bar). For example, Smith and the United States both allege violations related to work performed by TtEC under "Navy contract N68711-98-D-5713 Task Order 0084." (*Jahr* Combined Compl., ¶¶ 23-31; U.S. Compl., ¶¶ 28.) Although no other contracts are identified in the *Jahr* Combined Complaint, the time period alleged, 2005 to 2014, is within the broader time period alleged by the United States. (*Compare Jahr* Combined Compl., ¶¶ 23-70 *with* U.S. Compl., ¶¶ 27-42 (alleging TtEC improperly performed work at Hunters Point from 2003 to 2014).) In several instances, the *Jahr* Combined Complaint alleges the same conduct (soil sample fraud, building scan fraud)[12] by the same individuals (Smith, Hubbard, Rolfe, Dougherty, McWade, Jane Taylor, Rick Weingarz, and Andy Bolt),[13] occurring in the same areas at Hunters Point (Conex trailer; Buildings 103, 113, 113A, 130, 146, 253, 272, 351, 351A, 365, 366, 401, 411, 439, 810, 140, 157, 203, 211, 214, 271, 144, 406, 414, 521, and 707; survey units in Parcels B, C, D-2, E, G, UC-1, UC-2, and UC-3)[14] as alleged in the U.S. Complaint.

As to IO Environmental and the RSRS Defendants, the allegations in the *Jahr* Combined Complaint relate to their alleged role as TtEC sub-contractors, for services invoiced by and monies paid to TtEC, and include the entire amount at issue in the U.S. Complaint. Thus, the claims against these Defendants are entirely derivative of the claims alleged against TtEC.

Because the Court's June 14, 2019 order and the FCA "government action bar" preclude the *Jahr*, *Smith*, and *Wadsworth* Relators from separately pursuing any claims at Hunters Point, the Court should dismiss with prejudice their claims against Defendants regarding Hunters Point.

**C.    The False Claims Act Also Precludes Relators' Claims Against Defendants at Hunters Point Because Relators Were Not the First to File Those Claims.**

While a *qui tam* relator may bring an action on behalf of the government, "no person other

---

[12] *Compare Jahr* Combined Compl., ¶¶ 32-44 and 49-54 *with* U.S. Compl., ¶¶ 54-61 and 65-71.

[13] *Compare Jahr* Combined Compl., ¶¶ 33-37, 46, 56-58, and 61-63 *with* U.S. Compl., ¶¶ 47-69.

[14] *Compare Jahr* Combined Compl., ¶¶ 37, 53, 64, and 67-68 *with* U.S. Compl., ¶¶ 57, 59-63, and 67-71 and Exhibit 1.

16715530.1

than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); *see U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188–89 (9th Cir. 2001) ("*Lujan*") (holding that § 3730(b)(5) bars later-filed actions alleging the same material elements of fraud described in an earlier suit). The first-to-file rule is intended to avoid duplicative *qui tam* actions based upon the same essential facts when the government has already obtained information regarding the alleged fraud from a prior *qui tam* action. *See Lujan*, 243 F.3d at 1189 ("[A] narrow identical-facts bar would encourage piggyback claims, which would have no additional benefit for the government, 'since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds.'") (citations omitted).

The "first to file" bar is treated as jurisdictional and exists "to promote incentives for whistle-blowing insiders and prevent opportunistic successive plaintiffs." *U.S. ex rel. Hartpence v. Kinetic Concepts*, 792 F.3d 1121, 1130 (9th Cir. 2015) (quoting *Lujan*, 243 F.3d at 1187). A later-filed *qui tam* action will be dismissed where an earlier *qui tam* action pleads the same facts. As the Ninth Circuit has made clear, however, the "facts underlying the later-filed complaint need not be 'identical' to those underlying the earlier-filed complaint for the later complaint to be barred." *Hartpence*, 792 F.3d at 1130 (citing *Lujan*, 243 F.3d at 1183). Thus, when comparing a later-filed *qui tam* action with an earlier *qui tam* action, courts must inquire as to whether the later action alleges "the same material elements of fraud described in an earlier suit, regardless of whether the allegations incorporate somewhat different details." *Lujan*, 243 F.3d at 1189.

      **1.**     **Smith Was Not the First to File an FCA Case Against TtEC and TTI.**

Smith's claims are premised on the same alleged material elements of fraud underlying the *qui tam* complaint in *Jahr*, which was filed two and a half years before Smith filed his *qui tam* complaint. Just as the *Jahr* Relators had previously alleged, Smith alleges that TtEC engaged in fraud while remediating Hunters Point and submitted false claims for payment to the Navy in violation of the FCA. (*Compare Jahr* Complaint (*Jahr* ECF No. 1)[15] at 3 and ¶¶ 32-34 *with Smith*

---

[15] RJN Ex. 8.

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

Complaint (*Smith* ECF No. 1)[16] at 4 and ¶¶ 15-24.) Specifically, Smith and the *Jahr* Relators both allege that TtEC knowingly submitted false soil samples,[17] that TtEC managers ordered fraudulent soil sampling,[18] and that TtEC committed fraud in operating the portal monitor at Hunters Point.[19]

Smith was not the first to file a *qui tam* complaint alleging that the Tetra Tech Defendants violated the FCA at Hunters Point, and he fails to allege distinct material facts concerning the alleged fraud. *Lujan*, 243 F.3d at 1189; *see U.S. ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905, 910 (9th Cir. 1998) (holding that it does not matter whether the same invoice is false for more than one reason—"[t]he material fact was that the invoices were false"). Thus, Smith's claims against TtEC and TTI are barred by section 3730(b)(5) and should be dismissed with prejudice.

### 2. *Wadsworth* Relators Were Not the First to File Against TtEC.

Like Smith, the *Wadsworth* Relators' claims—again, that TtEC engaged in fraud while remediating Hunters Point and submitted false claims to the Navy, in violation of the FCA—rely on the same alleged facts underlying the allegations in the earlier-filed *Jahr* action. Like Smith's claims, the *Wadsworth* Relators' allegations in many instances are duplicative of allegations made in *Jahr*. (*Compare Wadsworth* Complaint (*Wadsworth* ECF No. 1),[20] ¶¶27-28 *with Jahr* Compl., ¶ 55 (alleging vehicles and loads were not properly scanned at the portal monitor); *and compare Wadsworth* Compl., ¶¶ 12-13 *with Jahr* Compl., ¶ 44 (allegations concerning IO Environmental).)

Because the *Wadsworth* Relators raise the same material elements of fraud as were alleged in *Jahr*, their claims are barred under section 3730(b)(5). *Lujan*, 243 F.3d at 1189. Thus, the Court should dismiss the *Wadsworth* Relators' claims against TtEC with prejudice.

### 3. *Wadsworth* Relators' Claims Against the RSRS Defendants and IO Environmental Are Precluded by the First-to-File Bar.

Congress has prohibited *all* FCA actions based upon the *facts* underlying a pending action.

---

[16] RJN Ex. 9.

[17] *Compare Jahr* Compl., ¶¶ 32-33 *with Smith* Compl., ¶¶ 12-13, 16, 18-28.

[18] *Compare Jahr* Compl., ¶¶ 47-48, 51 *with Smith* Compl., ¶¶ 15, 18-19.

[19] *Compare Jahr* Compl., ¶ 55 *with Smith* Compl., ¶ 31.

[20] RJN Ex. 10.

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

31 U.S.C. § 3730(b)(5). Because the Court deemed *Wadsworth* related to *Jahr*, as a matter of law, the later-filed *Wadsworth* case is barred.

The fact that IO Environmental and the RSRS Defendants were not named as defendants in *Jahr* is inconsequential here, because the bar applies to actions related to the "facts," not parties named. The "purpose of the first-to-file rule is to help the Government uncover and fight fraud. . ." *U.S. ex rel. Wood v. Allergan, Inc.,* 899 F.3d 163, 174 (2d Cir. 2018) (citations omitted). Relators' and their counsel's efforts to sue every subcontractor that set foot on Hunters Point does nothing to advance the government's investigation.[21] Here, the government was on notice of the underlying factual allegations and began its investigation after *Jahr* was filed in 2013. The government was therefore on notice of all contractors and subcontractors who allegedly worked at Hunters Point. The facts alleged in *Wadsworth* are no different than *Jahr*, and *Wadsworth* Relators should not be allowed to share in any recovery by filing a duplicative action.

### 4. McLaughlin Was Not the First to File an FCA Case Against Defendants.

#### a. McLaughlin's Claims Against TtEC and TTI Are Premised on the Same Alleged Facts Underlying the Claims in the *Jahr* Combined Complaint.

Relators in *Jahr*, *Smith*, and *Wadsworth* each filed their original *qui tam* complaints at least three years before McLaughlin named TtEC and TTI as defendants in his action, which is premised on the same alleged facts underlying the *Jahr*, *Smith*, and *Wadsworth* Relators' claims. In fact, the *McLaughlin* Complaint is replete with allegations that are duplicative of allegations previously made in the *qui tam* complaints in *Jahr*, *Smith*, and *Wadsworth*, including:

- TtEC allegedly performed improper remediation of radioactive soil contamination at radiation screening yards ("RSY"), such as "taking samples for areas other than the soil areas evidencing the highest radioactive readings" (*Compare McLaughlin* Compl., ¶¶ 8A, 241–46 *with Smith* Compl., ¶ 18);

- TtEC allegedly attempted to falsely obtain free release of soil (*Compare McLaughlin* Compl., ¶¶ 8, 241–50 *with Jahr* Compl., ¶¶ 33, 40, 47, 48, 51, 52);

- Alleged fraud in operating the portal monitor at Hunters Point (*Compare McLaughlin* Compl., ¶ 159 *with Jahr* Compl., ¶¶ 51–62 and *Wadsworth* Compl., ¶¶ 27–28);

---

[21] Indeed, the government has declined to pursue claims against subcontractors such as IO Environmental and the RSRS Defendants.

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

- TtEC allegedly failed to report radiological contamination at Hunters Point (*Compare McLaughlin* Compl., ¶¶ 8, 248–59 *with Jahr* Compl., ¶ 33).

Thus, because McLaughlin was not the first to file a *qui tam* action against the Tetra Tech Defendants alleging violations of the FCA at Hunters Point, his claims against TtEC and TTI are barred by section 3730(b)(5) and should be dismissed with prejudice.

### b.    McLaughlin's Claims Against the RSRS Defendants and IO Environmental Are Precluded by the FCA First-to-File Bar.

Relators in *Wadsworth* and *Smith* filed their *qui tam* actions in 2016, both asserting that RSRS participated in allegedly fraudulent remediation and false claims at Hunters Point. *Wadsworth* also asserted claims against IO Environmental. Three years later, McLaughlin asserted substantially similar claims against RSRS and IO Environmental in his *qui tam* action.

The original *Smith* and *Wadsworth qui tam* complaints allege that RSRS participated in fraudulent soil sampling and created false documents in connection with false claims for payment to the Navy. (*Compare Smith* Compl., ¶¶ 15-18, *with McLaughlin* Compl., ¶ 9.A (TtEC and RSRS allegedly sampled soils from areas of low radioactivity at Hunters Point and created false statements and records used to make false claims for payment); and *compare Smith* Compl., ¶¶ 17-18, and *Wadsworth* Compl., ¶¶ 15-18, 21, *with McLaughlin* Compl., ¶¶ 9.A, 9.B, 244 (RSRS allegedly participated in fabricating chain of custody documents and manipulated the selection of soil samples for laboratory testing; RSRS allegedly selected samples from low radiation areas and falsified records and documents used to support claims for payment)).

McLaughlin's claims against IO Environmental and RSRS likewise duplicate allegations in the original *Wadsworth* complaint. For example, both allege: (1) that RSRS and IO Environmental falsely sought payment for remediation activities at Hunters Point (*compare Wadsworth* Compl., ¶¶ 18, 19 with *McLaughlin* Compl., ¶¶ 3, 4), and (2) that RSRS and IO Environmental defrauded the Navy by intentionally avoiding the collection of data from soil areas with the highest radioactivity readings (*compare Wadsworth* Compl., ¶¶ 16, 25 with *McLaughlin* Compl., ¶¶ 9.A, 10.A.). A side-by-side comparison of the original *Wadsworth* complaint and the *McLaughlin* Complaint confirms that McLaughlin simply re-packaged the same set of allegations that were made three years earlier in an action brought by the same counsel:

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

| Wadsworth's 2016 Allegations Against RSRS and IO Environmental | McLaughlin's Later-Filed Allegations Against RSRS and IO Environmental |
|---|---|
| "In 2010, Tetra Tech EC, Inc., RSRS and IOEI furthered the conspiracy to create false records and documents to support false claims for payment to the United States." (*Wadsworth* Compl., ¶ 21 at 14:4-7.) | This action is an action to recover damages and civil penalties from [RSRS] / [IO Environmental] for making **false statements material to false claims and false claims for payment regarding the completion of environmental and radiological remediation projects at Hunters Point Shipyard**. . . (*McLaughlin* Compl., ¶ 3 at 3:5-8; and ¶ 4 at 3:23-26.) (Emphasis added.) |
| RSRS and IOEI did further the conspiracy to defraud the Navy and United States Government by reviewing the scan and laboratory results, and plotting where scans and soil samples should be taken of the soil foundation area of building 351A **to avoid radiological hot spots.** (*Wadsworth* Compl., ¶ 16 at 10:4-8.) (Emphasis added.) | IO Environmental engaged in fraud and false records by failing to alert and report when IO Environmental employees observed personally or deduced from records that **soil samples were not taken from the highest radioactive reading locations** on the RSY pads as required by Navy work plans, and standard operating procedures. (*McLaughlin* Compl., ¶ 10.A. at 17:23-26) (emphasis added); *see also id.*, ¶ 9.B at 13:4-5 [RSRS failed to instruct RCTs to properly perform the scans and soil sampling].) |
| IOEI employees provided this information so that the RSRS RCTs working with laborers **did not scan and take samples from the highest radioactive readings** from the towed array scan and **mapping contrary to the contract** and terms of the agreement with the United States Navy. (*Wadsworth* Compl., ¶ 25 at 19:2-6; *see also id.*, at 18:14-19:6.) (Emphasis added.) | RSRS and IO Environmental, failed to properly direct the remediation of the soil in a variety of ways, including **submitting false map directions** for the taking of samples from areas other than the soil areas evidencing **the highest radioactive readings as required by the contract**. . . . (*McLaughlin* Compl.¶ 10.A at 17:4-6; *see also id.* ¶9.C at 14:4-2.) (Emphasis added.) |

These are the same allegations worded differently to give the appearance that McLaughlin is providing new information to the government. He is not. Because the *McLaughlin* Complaint alleges RSRS and IO Environmental engaged in the same conduct that was also alleged in the earlier-filed *Smith* and *Wadsworth qui tam* actions, the FCA first-to-file bar requires dismissal with prejudice of McLaughlin's claims against RSRS and IO Environmental.

### D.     The FCA "Public Disclosure Bar" Precludes Relators' Claims.

FCA section 3730(e)(4)(A) "deprives district courts of jurisdiction over any action 'based upon the public disclosure of allegations or transactions' concerning the alleged fraud, 'unless . . . the person bringing the action is an original source of the information.'" *Hartpence*, 792 F.3d at

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

1124 (quoting § 3730(e)(4)(A)). An "original source" is "an individual who either (1) prior to a public disclosure . . . has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing" a *qui tam* complaint. 31 U.S.C. § 3730(e)(4)(B). A court considering whether allegations are similar enough to warrant dismissal should consider whether earlier allegations put the government on notice or directly alleged the same fraud. *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 567, 574 (9th Cir. 2016).

### 1. Relators' Claims Against TtEC and TTI in *Smith* and *Wadsworth* Are Precluded by the "Public Disclosure Bar."

Relators' allegations in *Smith* and *Wadsworth* were publicly disclosed before either *qui tam* action was filed in 2016, and Relators were not the "original source" of that disclosure. In fact, in 2014 local media reported extensively that TtEC was alleged to have falsified data or was otherwise improperly performing its work at Hunters Point. (RJN, Ex. 1, Vicki Nguyen, *et al.*, *Workers Allege Hunters Point Dirt Needs to be Screened for Radiation*, NBC BAY AREA (Feb. 27, 2014) ("Feb. 27, 2014 NBC Report"); Ex. 2, Vicki Nguyen, *et al.*, *Former Contractors Claim Hunters Point Cleanup is Botched*, NBC BAY AREA (May 19, 2014) ("May 19, 2014 NBC Report"); and Ex. 3, Vicki Nguyen, *et al.*, *Contractor Submitted False Radiation Data at Hunters Point*, NBC BAY AREA (Oct. 13, 2014) ("Oct. 13, 2014 NBC Report").) Information available from news media is a public disclosure. 31 U.S.C. § 3730(e)(4)(A).

The May 19, 2014 NBC Report cites sources alleging that TtEC manipulated the portal monitor at Hunters Point to make it less sensitive, and the Oct. 13, 2014 NBC Report notes that the Navy "said it will continue to evaluate all current and historic data collected by Tetra Tech, acknowledging that the event calls into question the quality of data provided by the contractor in the past." (RJN, Exs. 2 and 3.) Critically, none of the information provided in these media reports is attributed to any of the *Smith* or *Wadsworth* Relators. (*See id.*)

A disclosure may also bar a relator's claim if it is made in a federal report, hearing, audit, or investigation made to a public official "whose duties extend to the claim in question in some

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

1  significant way," even if not widely disclosed to the general public. *U.S. v. Bank of Farmington*,

2  166 F.3d 853, 861 (7th Cir. 1999), *overruled on other grounds by Glaser v. Wound Care*

3  *Consultants, Inc.*, 570 F.3d 907, 920 (7th Cir. 2009). Smith himself concedes that he did not begin

4  investigation of his claims until he became aware of a 2014 report by TtEC, which discussed

5  "false soil sampling at Hunters Point" ("2014 Investigation Report"). (*Smith* Compl., ¶ 4; *Jahr*

6  Combined Compl., ¶ 5.)[22] The 2014 Investigation Report referenced in Smith's *qui tam* complaint

7  documents the investigation by TtEC and the Navy of sampling and data issues at Hunters Point

8  and was provided to the Navy, the Nuclear Regulatory Commission, and the California

9  Departments of Public Health and Toxic Substances Control before *Smith* and *Wadsworth* were

10  filed. (RJN, Ex. 4; *see also* RJN Ex. 3.)

11        TtEC's 2014 Investigation Report qualifies as a public disclosure because it "contained

12  enough information to enable the [United States] to pursue an investigation" against TtEC. *U.S. v.*

13  *Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1019 (9th Cir. 1999). Indeed, the information provided

14  to the United States in the 2014 Investigation Report led to the criminal convictions of former

15  TtEC employees Stephen Rolfe and Justin Hubbard. (*Compare* RJN Ex. 4, Table 2 at p. 8

16  (identifying specific areas, survey units, sample numbers, and collection dates) *with* RJN Ex. 5

17  (Plea Agreement, *U.S. v. Stephen C. Rolfe*, Case No. CR-17-0123 JD) and Ex. 6 (Plea Agreement,

18  *U.S. v. Justin E. Hubbard*, Case No. CR-17-0278 JD (identifying specific areas, survey units,

19  sample numbers, and collection dates for which they falsified data).)

20        Accordingly, the FCA "public disclosure bar" precludes the *Smith* and *Wadsworth*

21  Relators' claims against TtEC and TTI, and those claims should be dismissed with prejudice.

22             **2.**    **McLaughlin's Claims Against TtEC and TTI are Likewise Precluded**

23                    **by the "Public Disclosure Bar."**

24        The same public disclosures that bar Relators' claims in *Smith* and *Wadsworth*, as

25  discussed above, also bar McLaughlin's claims against TtEC and TTI, because those disclosures

26

27  _____

28  [22] A copy of the 2014 Investigation Report, without attachments, is provided as Exhibit 4 to the
RJN.

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1

occurred five years before McLaughlin added TtEC and TTI as defendants in his *qui tam* action. In addition, as demonstrated above, McLaughlin alleges that TtEC committed the same fraud as alleged in *Jahr*, *Smith*, and *Wadsworth*, which were unsealed and publicly disclosed on October 23, 2018. (*Jahr*, ECF No. 27). The "public disclosure bar" precludes *qui tam* suits based on allegations that were previously disclosed in civil litigation. 31 U.S.C. § 3730(e)(4)(A)(i); *see also U.S. ex rel. Amphastar Pharma. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 703-06 (9th Cir. 2017).

McLaughlin's assertion that prior public disclosures concerning TtEC's alleged fraud did not concern Parcels D-1, IR-18, and IR-07 is unavailing. (*McLaughlin* Compl., ¶ 247.) "[O]nce the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." *Lujan*, 243 F.3d at 1189 (citations omitted). A "natural understanding" of the government's investigation of FCA claims is that once the United States becomes "aware of a wide-reaching alleged fraud, . . . , it investigate[s] **all** of those claims . . ." *U.S. ex rel. Bennett v. Biotronik, Inc.*, No. 2:14-CV-02407-KJM-EFB, 2016 WL 1587215 at *6 (E.D. Cal. April 20, 2016) (emphasis added), *affirmed*, 876 F.3d 1011. McLaughlin alleges the same fraud occurred as alleged in the *Jahr* Combined Complaint, only in a different part of Hunters Point. Thus, the "essential facts" alleged by McLaughlin were already made public in multiple prior complaints.

Accordingly, McLaughlin's claims against TtEC and TTI are barred by FCA section 3730(e)(4), and the Court should dismiss those claims with prejudice.

### 3. The FCA Public Disclosure Bar Also Applies to Preclude Relators' Claims Against the RSRS Defendants and IO Environmental.

Where the public disclosures are "sufficient to set the government on the trail of the fraud as to all Defendants," the public disclosure bar applies even to defendants who were not parties to the original complaint. *In re Natural Gas Royalties*, 562 F.3d 1032, 1043 (10th Cir. 2009); *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 329 (5th Cir. 2011); *U.S. ex rel. Lee v. Corinthian Colleges*, Case No. CV 07-1984 PSG (MANx), 2013 WL 12114015, at *6–7 (C.D. Cal. Mar. 15, 2013). Public disclosures need not name particular defendants so long as they "alerted the government to the industry-wide nature of the fraud and enabled the government to readily identify wrongdoers through an investigation[.]" *Natural Gas Royalties*, 562 F.3d at 1039; *see*

-15-

1   *also Alcan Elec. & Eng'g*, 197 F.3d at 1018–19 (applying public disclosure bar even when a prior

2   complaint did not identify defendants by name).

3        Here, because publicly disclosed information identified potential claims against TtEC

4   relating to Hunters Point, and RSRS and IO Environmental were subcontractors to TtEC during

5   the relevant period, the public disclosure bar extends to the RSRS Defendants and IO

6   Environmental. *See Corinthian Colleges*, 2013 WL 12114015, at *7, *11; *Alcan Elec. & Eng'g*,

7   197 F.3d at 1019 (where complaint disclosed claims against a "narrow class of suspected

8   wrongdoers," public disclosure bar encompassed claims against later named defendants). The

9   government's investigation was well underway at least two and a half years before IO

10   Environmental was named in the *Wadsworth qui tam* complaint and the RSRS Defendants were

11   named in the *Smith qui tam* complaint, and nearly six years before Defendants were added to the

12   *McLaughlin* Complaint. In fact, the government had already declined to intervene in *McLaughlin*

13   before Defendants became parties to that action. Therefore, Relators' claims against the RSRS

14   Defendants and IO Environmental are equally precluded by the FCA public disclosure bar.

15        **E.   The U.S. Complaint Renders the *Jahr* Combined Complaint Inoperable.**

16        By intervening, the United States has taken primary responsibility for prosecuting *Jahr*,

17   *Smith*, and *Wadsworth*. Once the United States intervenes in an FCA case, nothing in the Act

18   permits a relator to continue separately prosecuting an FCA claim in that same case. Because the

19   United States has primary responsibility for conducting these actions, the *Jahr*, *Smith*, and

20   *Wadsworth* Relators are required to cede prosecution of the entire action to the United States.

21   Thus, Relators' separate FCA claims against Defendants in the intervened actions cannot proceed.

22        The FCA requires the government to conduct any action in which it intervenes. 31 U.S.C.

23   §§ 3730(b)(4)(A), 3730(c)(1). "Action" means the entire civil action. *U.S. ex rel. Brooks v.*

24   *Stevens-Henager Coll., Inc.*, 359 F. Supp. 3d 1088, 1116-20 (D. Utah 2019) ("*Brooks*") (finding

25   the FCA "unambiguously uses 'action' to mean 'civil action.'") (citation omitted). Government

26   intervention limits a relator's right to continue "as a party to the action." 31 U.S.C. § 3730(c). A

27   relator may only conduct the action if the government does <u>not</u> intervene. *See id.* § 3730(c)(3).

28        As discussed above, the Ninth Circuit has held that the government's intervention and

-16-   Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

settlement of a prior *qui tam* action barred a second relator from proceeding on additional, separate claims against the same defendant, although the prior settlement had not included the additional claims asserted by the second relator. *Biotronik*, 876 F.3d at 1016, 1019-21.

> The question is whether the statute's clear language would prohibit [the second relator] from bringing the case at all, given the fact that the Government was made aware of the claims it ultimately chose not to settle. **The existence of multiple claims—some of which the Government settles—has no bearing on the Government's relationship to the entire action.** As described above, the Government becomes a "party" to the suit as a whole when it intervenes. It does not become a "party" to a particular claim or number of claims. *Id.* at 1021 (emphasis added).

Following *Biotronik*, the court in *Brooks* thoroughly analyzed the language, structure, and history of the FCA and concluded that once the government intervenes, there is no basis for a relator to continue prosecuting any separate FCA claim, even if that claim is not duplicative of the government's claims. *Brooks*, 359 F. Supp. 3d at 1120-26. In both *Biotronik* and *Brooks*, as here, the government intervened on some, but not all, relators' claims. Both *Biotronik* and *Brooks* reject the idea that the FCA authorizes relators to litigate any remaining, non-intervened allegations after the government intervenes. *Biotronik*, 876 F.3d at 1016, 1021; *Brooks*, 359 F. Supp. 3d at 1118-20. As such, a relator's limited rights when continuing as a party to an FCA action do not include separately prosecuting any portion of the action. *Brooks*, 359 F.Supp.3d at 1125.[23]

To allow the *Smith* and *Wadsworth* Relators to separately prosecute certain claims would "divide" each of the FCA Actions at issue here "into two 'suits' or 'proceedings' artificially: the action in which the United States intervened and the action in which it did not intervene." *Biotronik*, 876 F.3d at 1020 (quoting *Biotronik*, 2016 WL 1587215 at *6). As the Ninth Circuit has made clear, "nothing in the statute allows for such division." *Id.* Thus, the Court should dismiss the *Jahr* Combined Complaint, in its entirety, with prejudice.

### F.   Dismissal of *Jahr* Does Not Deprive Relators of Due Process.

It is well established that a cause of action is "a species of property protected" by the Fifth

---

[23] *Brooks* cannot be meaningfully distinguished on the basis that Relators here have alleged wrongdoing at two sites where the United States has not intervened—Treasure Island and Alameda—because Relators allege an interrelated conspiracy to simultaneously defraud the Navy at Hunters Point, Treasure Island, and Alameda. (*See Jahr* Compl., ¶ 64.)

-17-     Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD
DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

1   and Fourteenth Amendments' due process clauses. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422,

2   428, 430 (1982); *In re Consolidated U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 989 (9th Cir.

3   1987). However, a plaintiff's due process right is limited to "assuring access to fair procedures for

4   its prosecution." *Consolidated U.S. Atmospheric Testing*, 820 F.2d at 989. Plaintiffs' only due

5   process rights are procedural: a right to notice and the opportunity to be heard. *Id.* at 989-90.

6        As discussed above, once the United States intervened in *Jahr*, *Smith*, and *Wadsworth*,

7   Relators in those actions no longer had a right to separately pursue their FCA causes of action.

8   *Biotronik*, 876 F.3d at 1016, 1019-21; *Brooks*, 359 F. Supp. 3d at 1120-26. Moreover, any due

9   process owed to Relators is satisfied through the Court's procedure that provides them notice and

10  the opportunity to be heard in response to this Motion. "Procedural due process, however, does not

11  guarantee that a party will prevail." *In re Consolidated U.S. Atmospheric Testing*, 720 F.2d at 990

12  (citing *Logan*, 455 U.S. at 432). Accordingly, the Court may dismiss Relators' FCA claims

13  without violating Relators' due process rights.

14       **G.    If the Court Denies this Motion in Whole or in Part, and Allows the *Jahr***

15  **Combined Complaint to Proceed, It Should Certify Its Order for Interlocutory Appeal and Stay Proceedings Pending Action by the Ninth Circuit.**

16             **1.    Interlocutory review is appropriate under 28 U.S.C. § 1292(b).**

17       An order is appropriate for interlocutory appeal under 28 U.S.C. § 1292(b) if it "involves a

18  controlling question of law," there is "substantial ground for difference of opinion" on that

19  question, and "an immediate appeal from the order may materially advance the ultimate

20  termination of the litigation[.]" 28 U.S.C. § 1292(b). If the Court permits the *Jahr* Combined

21  Complaint to proceed, its order on this Motion will easily satisfy each element of section 1292(b).

22       "An issue is 'controlling' if 'resolution of the issue on appeal could materially affect the

23  outcome of litigation in the district court.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634

24  F. Supp. 2d 1081, 1088 (E.D. Cal. 2008) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*,

25  673 F.2d 1020, 1026 (9th Cir. 1982)). The question of law here is controlling, because resolution

26  of the issue will determine whether Relators in *Jahr*, *Smith*, and *Wadsworth* may separately

27  litigate any FCA claims in light of the United States' intervention in those actions.

28       Further, "[a] substantial ground for difference of opinion exists where reasonable jurists

-18-        Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Reasonable jurists *have* disagreed on this exact issue. *Compare Brooks*, 359 F. Supp. 3d 1088, *with U.S. ex rel. Rauch v. Oaktree Medical Centre, P.C.*, No. 6:15-CV-01589-DCC, 2020 WL 1065955 (D.S.C. March 5, 2020).[24] Immediate appeal would not only help resolve this case, but would provide much-needed guidance for future FCA actions in the Ninth Circuit.

Whether an appeal would materially advance the ultimate termination of the litigation is closely related to the question of whether there is a controlling question of law. "[T]he critical requirement is that (an interlocutory appeal) have the potential for substantially accelerating the disposition of the litigation[.]" *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (citation omitted). The potential to eliminate a significant number of claims "is sufficient to materially advance the litigation[.]" *Reese*, 643 F.3d at 688. Here, the resolution of this issue, if favorable to Defendants, would require dismissal of the *Jahr* Combined Complaint with prejudice. Interlocutory appeal, thus, has the potential to materially advance the end of this case by eliminating Relators' separate claims against Defendants. *See Reese*, 643 F.3d at 688.

### 2.    A stay pending disposition of appeal is warranted.

The Court "has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Irritated Residents*, 634 F. Supp. 2d at 1094 (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir.1972)). Whether a court should grant a stay pending appeal in a civil matter turns on four factors: (1) the likelihood of the moving party's success on the merits; (2) whether the moving party will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

***Likelihood of success on the merits***: Defendants have a strong likelihood of success on the merits. As the Ninth Circuit stated in *Biotronik*, "the Government becomes a 'party' to the suit as a

---

[24] In fact, this Court has expressed its disagreement with the District Court of Utah's interpretation of the FCA in *Brooks*. (*See* Abdelnour Decl., Ex. 1 at 8:16-17 (noting the Court's "concerns" with *Brooks* and stating: "I'm not sure I read the statute the same way").)

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT STATUTORY BARS

1  whole when it intervenes. It does not become a "party" to a particular claim or number of claims."

2  *Biotronik*, 876 F.3d at 1021. The District of Utah cited to this statement from *Biotronik* in support

3  of its interpretation of FCA section 3730. *Brooks*, 359 F. Supp. 3d at 1124 n.18.

4         ***Irreparable injury absent a stay***: Defendants will be irreparably harmed absent a stay.

5  Failure to resolve this issue may lead to unnecessary litigation of the *Jahr* Combined Complaint.

6         ***Prejudice to the opposing party***: Relators may also benefit from the stay; even if they lose

7  on appeal, they will have been spared time and expense in pursuing invalid claims. But even

8  ignoring that possibility, a stay would not prejudice Relators, as they would be able to continue

9  supporting, in a secondary role, the United States' litigation against TtEC. *See* 31 U.S.C. §

10 3730(c). In fact, a stay would not even delay a monetary award for Relators, if the United States

11 prevails on, or settles, its FCA claims against TtEC. 31 U.S.C. § 3730(d). And while "some

12 prejudice . . . is inherent in any delay, . . . delay alone is insufficient to prevent a stay." *Spread*

13 *Spectrum Screening, LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011).

14        ***Public interest***: The chance to clarify the FCA's intervention provisions demonstrates the

15 public interest in granting a stay. A ruling in Defendants' favor would "alter the direction of the

16 current proceedings" (*Irritated Residents*, 634 F. Supp. 2d at 1094) and fundamentally alter how

17 FCA claims are litigated in the Ninth Circuit. Indeed, "[i]t would be a waste of judicial and party

18 resources to proceed" with the *Jahr* Combined Complaint while an appeal is pending. *Id.*

19 **V.      CONCLUSION**

20        For each of the foregoing reasons, Defendants request that the Court dismiss the *Jahr*

21 Combined Complaint and the *McLaughlin* Complaint in their entirety with prejudice. If the Court

22 is inclined to deny this Motion, in whole or in part, as to the *Jahr* Combined Complaint,

23 Defendants request that the Court certify its order denying the Motion for immediate, interlocutory

24 appeal, because such an order "involves a controlling question of law as to which there is

25 substantial ground for difference of opinion and . . . an immediate appeal from the order may

26 materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

27

28

16715530.1

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

1  DATED: July 23, 2020                     HANSON BRIDGETT LLP

2

3                                       By:      /s/ Samir J. Abdelnour
                                             DAVINA PUJARI
4                                            SAMIR J. ABDELNOUR
                                             MELISSA M. MALSTROM
5                                            Attorneys for TETRA TECH EC, INC. AND
                                             TETRA TECH, INC.
6

7  Attestation: Pursuant to Local Rule 5-1(i)(3), I, Samir J. Abdelnour, attest that concurrence in the
   filing of this document has been obtained from each of the other Signatories.
8
   DATED: July 23, 2020                     ROPERS MAJESKI PC
9

10                                      By:      /s/ Nicole S. Healy
                                             TODD A. ROBERTS
11                                           DENNIS J. WARD
                                             NICOLE S. HEALY
12                                           Attorneys for Defendants
                                             RADIOLOGICAL SURVEY & REMEDIAL
13                                           SERVICES, LLC, DARYL DELONG, AND
                                             BRIAN HENDERSON
14

15

16

17  DATED: July 23, 2020                    CAUFIELD & JAMES, LLP

18

19                                      By:      /s/ Santino M. Tropea
                                             JEFFERY L. CAUFIELD
20                                           SANTINO M. TROPEA
                                             Attorneys for Defendant
21                                           IO ENVIRONMENTAL AND
                                             INFRASTRUCTURE, INC.
22

23

24

25

26

27

28

Case Nos.: 3:13-CV-03835-JD; 3:14-CV-01509-JD

DEFENDANTS' JOINT MOTION TO DISMISS RELATORS' COMPLAINTS BASED ON FALSE CLAIMS ACT
STATUTORY BARS

16715530.1