1   DAVID ANTON (SBN 94852)
    Law Office of David Anton
2   Margaret E. Roeckl (SBN 129783)
    1717 Redwood Lane
3   Davis, CA 95616
    Telephone: (530) 759-8421
4   davidantonlaw@gmail.com

5

6   Counsel for Qui Tam Relators

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10  **UNITED STATES OF AMERICA ex rel.,**        **Case No. 3:13-CV-3835 JD**
    **ARTHUR R. JAHR, III, et al.,**             **Related Cases:  3:16-CV-01106-JD**
11                                                          **3:16-CV-01107-JD**
         Plaintiffs and Qui Tam Relators,                   **3:14-CV-01509-JD**
12
                    v.
13
    **TETRA TECH EC, INC., TETRA TECH**
14  **INC., et al.,**                            **[PROPOSED] ORDER DENYING**
                                                 **DEFENDANTS' JOINT MOTION TO**
15       Defendants.                             **DISMISS RELATORS' COMPLAINTS**
                                                 **BASED ON FALSE CLAIMS ACTS**
16  ----------------------------------------     **STATUTORY BARS**
    **UNITED STATES OF AMERICA, ex rel.,**
17  **KEVIN MCLAUGHLIN,**

18       Plaintiff and Qui Tam Relator,

19                  v.                           **Date: October 22, 2020**
                                                 **Time: 10:00 a.m.**
20                                               **Courtroom: 11, 19th Floor**
    **SHAW ENVIRONMENTAL &**                     **Judge: Honorable James Donato**
21  **INFRASTRUCTURE, INC., et al.,**

22       Defendants.

23

24      This Joint Motion by Defendant Tetra Tech EC, Inc. Tetra Tech, Inc., IO Environmental,

25  & Infrastructure, Inc. Radiological Survey & Remedial Services, LLC, Daryl DeLong, and Brian

26  Henderson (herein the Joint Defendants) was regularly noticed for hearing on October 22, 2020

27  before the Honorable James Donato, Judge of the United States District Court for the Northern

28

[Proposed] Order Denying Defendants' Joint Motion to Dismiss – FCA Statutory Bars

**LAW OFFICE OF DAVID ANTON**
1717 REDWOOD LANE
DAVIS, CA 95616

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616

District of California.   The Court determined to consider the merits of the motions without oral argument. After review of all papers submitted in support of and in opposition to the Motion the Court Orders as follows:

The Joint Defendants' motion to dismiss claims asserted against the Joint Defendants by Qui Tam Relators in the Jahr, Smith and Wadsworth/McLean Relators' Second Amended Combined Complaint filed in United States ex rel. Arthur Jahr, et al. Case No. 13-CV-03835 JD , ECF #148 (herein the "Combined Complaint") and the Third Amended Complaint filed in United States ex rel. McLaughlin, Case No.  14-CV-01509 JD, ECF #61 (herein the "TAComplaint") is DENIED.  The Court holds that the Combined Complaint and McLaughlin TAComplaint do not violate the Court's June 14, 2019 Order, which required the Relators to amend their Complaints in order to provide greater specificity with regards to fraud claims in which the government had not intervened.

The Court further holds that the Motion to Dismiss the Smith Complaint, the Wadsworth/McLean Complaint allegations contained in the Combined Complaint, and the McLaughlin TAComplaint based upon the government action bar, 31 USCA §3730(e)(3) is DENIED because the Government filed its Complaint in Intervention on January 14, 2019 and the original complaints of Relator Smith and Relators Wadsworth/McLean were each filed on March 4, 2016, and the McLaughlin complaint was filed on April 1, 2014 before the Government became a party by intervention on January 14, 2019.  The Government Action Bar contained in 31 USCA §3730(e)(3) does not apply to the complaints of Relators that were filed prior to the Government becoming a party by the Government's Complaint In Intervention filed on January 14, 2019. Additionally, the McLaughlin TAComplaint later filed on February 27, 2020 involves different fraud schemes in different areas of Hunters Point undertaken by different prime contractors therefore the McLaughlin TAComplaint allegations against the moving Joint

- 2 -       13-CV-03835-JD/14-CV-01509-JD

Defendants is not based upon the same allegations or transactions involved in the other lawsuits the Government became a party to by the Government's Complaint In Intervention. *See, Sturgeon v. Pharmerica Corp.* (E.D. PA 2020) 438 F.Supp.3d 246, 267; *see also, U.S. ex rel. Herman v. Coloplast Corp.* (D.C. Mass 2018) 327 F.Supp.3d 358, 362. Further the McLaughlin lawsuit is seeking to remedy fraud that the government has not attempted to remedy through its Complaint In Intervention, making the government action bar inapplicable. *See, U.S. ex rel. Herman v. Coloplast Corp., supra,* 327 F.Supp.3d 358, 362-364; *see also, Sturgeon v. Pharmerica Corp., supra,* 438 F.Supp.3d 246, 262.

Additionally the First to File bar is not applicable to the complaint allegations of Relator Smith, and Relators Wadsworth/McLean contained in the Combined Complaint and Relator McLaughlin TAComplaint which are based on different fraud claims, different material elements and different material facts in both kind and degree than the original August 19, 2013 *Jahr* Complaint's material elements of fraud, and the Smith, Wadsworth/McLean and McLaughlin allegations of false claims provide additional benefit to the government. *See, U.S. ex rel Hartpence v. Kinetic Concepts* (9th Cir. 2015) 792 F. 3d. 1121, 1131-1132; *see also, U.S. ex rel. Heath v. AT&T, Inc.* (D.C. Cir. 2015) 791 F.3d 112, 119-122.

Furthermore, the public disclosure bar does not apply to the complaint allegations of Relator Smith, Relators Wadsworth/McLean contained in the Combined Complaint and Relator McLaughlin's TAComplaint fraud claims as the Relators' allegations are different in kind and degree from previously publicly disclosed information. *See, U.S. ex rel Mateski v. Raytheon Co.* (9th Cir. 2016) 816 F. 3d 565, 570; *see also, U.S. ex rel. Solis v. Millennium Pharmaceuticals, Inc.* (9th Cir. 2018) 885 F.3d 623, 628. In addition, Relator Smith, Relators Wadsworth/McLean, and Relator McLaughlin are alleged to be original sources under 31 USCA §3730(e)(4)(B), making dismissal on the basis of the public disclosure bar inappropriate in a motion to dismiss for the

[Proposed] Order Denying Defendants' Joint Motion to Dismiss – FCA Statutory Bars

factual allegations in the complaint are to be accepted as true, and reasonable inference are to be drawn in favor of the Relators. *Ashcroft v. Iqbul* (2009) 556 U.S. 662, 678.

Finally, this Court rejects the argument put forth that the case of *U.S. ex rel Brooks v. Stevens-Henager Colleges, Inc.* (D. Utah 2019) 359F. Supp. 3d 1088 is controlling, agreeing instead with the holdings in *U.S. ex rel. Ormsby v. Sutter Health* (N.D. Cal. 2020) 44 F. Supp. 3d 1010 and *U.S. ex rel. Rauch v. Oaktree Medical Centre* (D.S. Car. 2020) 2020 WL 1065955, and the position of the United States brief Regarding Relators' Standing To Pursue Non-Intervened Claims filed in the *U.S. ex rel. Rauch v. Oaktree Medical Centre* case on October 17, 2019, (ECF #247), Exhibit DD to Relators' Request For Judicial Notice. The Court further concludes that the *Brooks* decision erred in failing to consider the Fifth Amendment Due Process rights of the Relators to the non-intervened claims. *See, U.S. ex rel. Kelly v. Boeing Co.* (9th Cir. 1993) 9 F.3d 743, 748: *Consolidated U.S. Atmospheric Testing* (9th Cir. 1987) 820 F.2d 982, 989-990.

Each of the Joint Defendants shall file Answers to the Relators' Combined Second Amended Complaint and to McLaughlin's TAComplaint within thirty (30) days of this Order. IT IS SO ORDERED.

Dated:  March __, 2021

_____
The Honorable James Donato, District Court Judge
Northern District of California

[Proposed] Order Denying Defendants' Joint Motion to Dismiss – FCA Statutory Bars

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616