ISMAIL RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email: savith.iyengar@usdoj.gov

JAMIE YAVELBERG
PATRICK M. KLEIN
A. THOMAS MORRIS
JONATHAN K. HOERNER
ADAM J. DICLEMENTE
Attorneys, Civil Division
United States Department of Justice

P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6971
Email: adam.diclemente@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

UNITED STATES OF AMERICA, *ex rel.* ARTHUR R. JAHR, III, *et al.*, ANTHONY SMITH, & DONALD K. WADSWORTH *et al.*,

Plaintiffs,

v.

TETRA TECH EC, INC.,

Defendant.

CASE NOS: 3:13-CV-3835 JD

RELATED ACTIONS: 3:16-CV-1106 JD
3:16-CV-1107 JD

**UNITED STATES' NOTICE OF SETTLEMENT & REQUEST FOR A SCHEDULE AND HEARING PURSUANT TO 31 U.S.C. § 3730(c)(2)(B)**

The United States of America respectfully notifies the Court that it has entered into a final Settlement Agreement with defendant Tetra Tech EC, Inc. ("Tetra Tech"). The Settlement Agreement fully resolves the First, Second, Third, and Fourth Causes of Action brought against Tetra Tech in the United States' Second Amended Complaint in Intervention, ECF No. 372 (the "False Claims Act Case"). A true and correct copy of the Settlement Agreement is attached to this Notice as **Exhibit 1**. As detailed in the Settlement Agreement, Tetra Tech has agreed to pay the United States $57 million plus defined interest to resolve the False Claims Act Case. This result, which follows years of investigations by multiple federal government agencies, extensive multi-party fact discovery, contested litigation in this Court, detailed evaluation of the claims and defenses by the United States and Tetra Tech, and a mediation conducted by Judge Kendall J. Newman (Ret.), guarantees a substantial recovery for the United States and also eliminates the delay, uncertainty, inconvenience, and expense of continued litigation of the False Claims Act Case. The settlement is fair, adequate, and reasonable under all the circumstances.

Nevertheless, relators Arthur R. Jahr III, Elbert G. Bowers, Susan V. Andrews, Archie R. Jackson, Anthony Smith, Donald K. Wadsworth, and Robert McLean (together, "Relators"), all of whom are represented by attorney David Anton, have refused to sign or approve the Settlement Agreement. Relators have expressed an intent to lodge objections. Under the *qui tam* provisions of the False Claims Act, the United States "shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action." 31 U.S.C. § 3730(c)(1). The False Claims Act further provides that the United States "may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B). Accordingly, as set forth below, the United States respectfully requests that the Court establish a schedule for the filing of briefs in opposition to and in support of the Settlement Agreement and set a hearing date.

**THE SETTLEMENT AGREMENT & RELATORS' OBJECTIONS**

On October 31, 2024, the United States Department of Justice Civil Division and Tetra Tech engaged in a mediation with Judge Kendall J. Newman (Ret.) to explore potential settlement of the United States' False Claims Act Case (Counts I-IV of the Second Amended Complaint in Intervention). The United States Department of Justice Environment & Natural Resources Division also participated in the

mediation to separately resolve the United States' CERCLA case against Tetra Tech (Count V of the Second Amended Complaint in Intervention). That mediation resulted in separate settlement frameworks for the United States' False Claims Act Case and the United States' CERCLA case. Thereafter, as reflected in the United States' and Tetra Tech's Stipulation and Proposed Order for Discovery, Expert, and Dispositive Motion Stay, filed on November 8, 2024 (entered by the Court on November 21, 2024 (ECF No. 445)), the parties proceeded to "negotiate[] and finalize[]" the "specific settlement terms." On November 13, 2024, counsel for the United States called Relators' counsel and informed him of the proposed settlement in the False Claims Act Case, including the proposed $57 million payment term. At that time, Relator's counsel did not voice any objections to the fairness, adequacy or reasonableness of the proposed settlement and indicated he would discuss it with his clients. Thereafter, the United States and Tetra Tech proceeded with negotiating the details of an agreement which, like most federal False Claims Act *qui tam* settlements, would include the Relators as signatories.

On December 5, 2024, Relators' counsel wrote a letter to the United States indicating that his clients may not consent to the Settlement Agreement as fair, adequate, and reasonable on the purported basis that the United States had not disclosed to him the terms of the separate CERCLA settlement agreement, and asserting that any recovery under the CERCLA statute should somehow be deemed an "alternate remedy" subject to the False Claims Act's settlement proceeds sharing provisions. *See* 31 U.S.C. §§ 3730(d)(1) & (c)(5). The United States repeatedly met and conferred with Relators' counsel in December 2024 and early January 2025 to address this issue, including explaining that the purported objection appears procedurally mislaid; the concern relates to the legal question of whether False Claims Act relators are entitled to receive a share from any recovery under the CERCLA statute and does not appear to contend that $57 million is an unfair, inadequate, or unreasonable resolution of the False Claims Act Case itself. The United States provided Relators' counsel with an initial copy of a draft settlement agreement on December 19, 2024 and continued to invite Relators to join subsequent iterations of the agreement into January. On January 9, 2025, Mr. Anton, acting for Relator Robert McLean alone, served untimely, unauthorized, and legally objectionable requests for admission, interrogatories, and requests for production of documents to the United States seeking substantially all of the United States' internal work product regarding the settlement process and posing hypothetical questions about the speculative results

of a future trial in the False Claims Act Case.[1] Relators' counsel communicated Relators' final position that they would not consent to the Settlement Agreement on January 12, 2025. The United States and Tetra Tech thereafter revised the Settlement Agreement to account for Relators' anticipated objection. Tetra Tech returned a signed copy of the Settlement Agreement to the United States in the morning of January 17. The United States countersigned the Settlement Agreement upon receipt, prepared and transmitted a fully-executed version to Tetra Tech, conferred with Mr. Anton regarding the executed settlement and Relators' objections, and docketed this Notice shortly thereafter.

## LEGAL FRAMEWORK GOVERNING RELATORS' OBJECTIONS

In a False Claims Act proceeding, "the Government is always the real party in interest," *U.S. v. Sprint Commcn's, Inc.*, 855 F.3d 985, 994 (9th Cir. 2017), and has the continuing right to protect its own interests because the United States' interest "is the predominant one" and the injury redressed by a False Claims Act claim "is exclusively to the Government." *U.S. ex rel. Polansky v. Exec. Health Resources, Inc.*, 599 U.S. 419, 425, 434 (2023). Although relators have certain defined rights, the *qui tam* provisions grant the United States broad discretion to control the litigation, and when the United States intervenes—as it has here—it has primary control. 31 U.S.C. § 3730(c)(1); *U.S. ex rel. Kelly v. Boeing Co.,* 9 F.3d 743, 756 (9th Cir. 1993), *cert denied*, 510 U.S. 1140 (1994) ("The government can intervene in a case and then take primary responsibility for prosecuting the action[.]"). Indeed, the False Claims Act grants "the Government, uncommon, even extraordinary power [to] settle an action over the objection of the person

[1] This discovery is untimely under the Court's case schedule, which set January 5, 2025 as the cut-off for fact discovery. ECF No. 433 at 2. To the extent Relators contend that the discovery is adjacent to a future hearing pursuant to 31 U.S.C. § 3730(c)(2)(B) and therefore not subject to the cut-off, there is no competent basis for that discovery. The False Claims Act does not permit an objecting relator to serve discovery on the United States as a right. *See U.S. ex rel. Schweizer v. Oce North America, Inc.*, 956 F. Supp. 2d 1, 11 (D.D.C. 2013) ("[A]llowing full-blown discovery as of right would risk transforming the § 3730(c)(2)(B) hearing into a trial on the merits of plaintiff's claims and the government's estimations of the litigation risks. It would put the cart before the horse, in essence making trial a precondition of settlement. Given both the lack of textual support for discovery rights at this stage and the difficulties posed by imposing these costs the Court declines to read such a right into the statute."). Where limited discovery has been permitted in connection with a Section (c)(2)(B) hearing, the issuing party sought and received specific leave from the court to do so. *See U.S. ex rel. McCoy v. California Med. Reviews Inc.*, 133 F.R.D. 143, 149 (N.D. Cal. 1990) (granting "limited discovery" where the "court has reviewed these discovery documents, has determined which interrogatories and requests for production [should be responded to], and has issued a separate order in this regard.").

who brought it." *Polansky*, 599 U.S. at 430. The United States can settle a *qui tam* action over a relator's objection "if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § (c)(2)(B); *Polansky*, 599 U.S. at 440 (Appendix setting forth statutory text). The statute further establishes that "[u]pon a showing of good cause, such hearing may be held *in camera*." 31 U.S.C. § 3730(c)(2)(B).

**<u>THE UNITED STATES' PROPOSED BRIEFING SCHEDULE</u>**

The False Claims Act does not establish a particular procedure for the hearing contemplated by Section (c)(2)(B), leaving the issue with the Court's inherent power to control its docket and proceedings. Here, the United States asserts that the Settlement Agreement is fair, reasonable, and adequate. The authorities cited above establish that the United States' position on this question controls unless an objecting relator can establish otherwise. Because Relators have been aware of material terms of the proposed False Claims Act Case settlement since November 13, 2024, and appear to have been formulating their purported objections since, at the latest, the date of Mr. Anton's December 5, 2024 letter, the United States proposes the following schedule:

- **<u>Relators' Objections</u>**: No later than February 7, 2025
- **<u>United States' Response</u>**: No later than February 28, 2025
- **<u>Hearing</u>**: As soon as practicable given the Court's calendar.

The United States reserves the right to seek leave to file its opposition materials under seal and to proceed *in camera* depending on the nature of Relators' objections and the evidence necessary to rebut them. Alternatively, Relators are invited to withdraw their purported objection, agree that the Settlement Agreement is fair, adequate, and reasonable, and proceed, per standard procedures with the United States, to address the issue of relator's share and any other requirements under the False Claims Act.

DATED: January 17, 2025

Respectfully submitted,

ISMAIL RAMSEY
United States Attorney

*/s/ Savith Iyengar*
PAMELA T. JOHANN
SAVITH IYENGAR
MICHAEL T. PYLE
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
FAX: (408) 535-5081
Email: savith.iyengar@usdoj.gov

*/s/ Adam J. DiClemente*
JAMIE YAVELBERG
PATRICK M. KLEIN
A. THOMAS MORRIS
JONATHAN K. HOERNER
ADAM J. DICLEMENTE
Attorneys, Civil Division
United States Department of Justice

P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6971
Email: adam.diclemente@usdoj.gov

Attorneys for the United States of America

# EXHIBIT 1

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the United States of America, acting through the United States Department of Justice and on behalf of the Department of the Navy (collectively the "United States"), and Tetra Tech EC, Inc. ("Tetra Tech EC," and together with the United States, "the Parties"), through their authorized representatives.

RECITALS

A. Tetra Tech EC is a wholly-owned subsidiary of Tetra Tech, Inc., with its principal place of business in Morris Plains, New Jersey. From 2003 through 2014, Tetra Tech EC entered into a series of contracts with the United States Navy to provide radiological remediation services at the former Hunters Point Naval Shipyard ("Hunters Point"). These contracts required Tetra Tech EC to investigate, among other things, radiological contamination of soil and buildings, remediate and remove waste as necessary, and provide status reports to the Navy documenting its activities.

B. Pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b), Arthur R. Jahr III, Elbert G. Bowers, Susan V. Andrews, Archie R. Jackson, Anthony Smith, Donald K. Wadsworth, and Robert McLean (collectively the "Relators") have filed the following civil actions (collectively, the "Civil Actions"):

(1) On August 19, 2013, Arthur R. Jahr III, Elbert G. Bowers, Susan V. Andrews, and Archie R. Jackson filed a *qui tam* action in the United States District Court for the Northern District of California captioned *United States ex rel. Arthur R. Jahr III, et al. v. Tetra Tech EC, Inc. et al.*, No. 3:13-cv-03835-JD (the "*Jahr* Action").

(2) On March 4, 2016, Anthony Smith filed a *qui tam* action in the United States District Court for the Northern District of California captioned *United States ex rel. Anthony Smith v. Tetra Tech EC, Inc. et al.*, No. 3:16-cv-01106-JD (the "*Smith* Action") and filed an amended complaint on June 30, 2017.

(3) On March 4, 2016, Donald K. Wadsworth and Robert McLean filed a *qui tam* action in the United States District Court for the Northern District of California captioned *United States ex rel. Donald K. Wadsworth and Robert McLean v. Tetra Tech EC, Inc. et al.*, No. 3:16-cv-01107-JD (the "*Wadsworth* Action").

C. The United States filed Notices of Election to Intervene in the Civil Actions on October 15, 2018, and filed the United States' Complaint in Intervention against Tetra Tech EC on January 14, 2019.

D. On June 14, 2019, the Court ordered the United States to file a single amended complaint to cover its intervention in the Civil Actions. The United States filed a consolidated First Amended Complaint in Intervention against Tetra Tech EC on July 15, 2019, and filed its Second Amended Complaint in Intervention against Tetra Tech EC on March 8, 2024 ("Second Amended Complaint in Intervention").

E. The United States contends that it has certain civil claims against Tetra Tech EC arising from alleged false statements, false claims, and breaches of contracts by Tetra Tech EC that the United States alleges occurred during the period from June 1, 2006 through January 31, 2018, as described in the First, Second, Third, and Fourth Causes of Action in the United States' Second Amended Complaint in Intervention. That conduct is referred to below as the "Covered Conduct".

F. This Settlement Agreement is neither an admission of liability by Tetra Tech EC nor a concession by the United States that its claims are not well founded. Tetra Tech EC denies the allegations in Paragraph E.

G. Relators claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relators' reasonable expenses, attorneys' fees, and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Tetra Tech EC shall pay to the United States $57,000,000 ("Settlement Amount"), of which $25,666,217.87 is restitution, plus interest on the Settlement Amount at a rate of 4% per annum from December 1, 2024, by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice, no later than ten (10) days after the Effective Date of this Agreement.

2. Subject to the exceptions in Paragraph 4 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, the United States releases Tetra Tech EC, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program

Fraud Civil Remedies Act, 31 U.S.C. §§ 3801–3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

3. Upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, Relators, for themselves and for their heirs, successors, attorneys, agents, assigns, and representatives ("Relators Releasors") release Tetra Tech EC, together with its current and former parent corporations; direct and indirect subsidiaries; officers, directors, shareholders, attorneys, agents, employees and representatives; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them ("TtEC Releasees"), from any civil monetary claim the Relators Releasors have asserted, could have asserted, or may assert in the future against TtEC Releasees on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, reserving Relators' right to pursue attorneys' fees and costs under 31 U.S.C. § 3730(d).

4. Notwithstanding the releases given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals.

5. Neither this Agreement, any intervention by the United States in the Civil Actions in order to dismiss the Civil Actions, nor any dismissal of the Civil Actions, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relators from sharing in the proceeds of this Agreement. Moreover, the United States and Relators and their heirs, successors, attorneys, agents, assigns and representatives each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relators should receive of any proceeds of the settlement of their claim(s). No agreements concerning Relator share have been reached to date, and the United States has allocated the Settlement Amount as stated in Attachment A.

6. Tetra Tech EC waives and shall not assert any defenses Tetra Tech EC may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

7. With the exception of (1) existing claims under the Contract Disputes Act, 41 U.S.C.A. §§ 7101-7109 ("CDA"), brought by Tetra Tech EC (ASBCA Docket Nos. 62449 and 62450), and (2) future CDA claims limited to the recovery of costs under FAR

31.205-47 or otherwise allowable incurred in connection with the defense of pending non-intervened claims asserted by Relators with respect to Hunters Point, Tetra Tech EC fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Tetra Tech EC has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

8. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Tetra Tech EC, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Tetra Tech EC's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement; and

(5) the payment Tetra Tech EC makes to the United States pursuant to this Agreement and any payments that Tetra

Tech EC may make to Relators, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Tetra Tech EC, and Tetra Tech EC shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Tetra Tech EC shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Tetra Tech EC or any of its subsidiaries or affiliates from the United States. Tetra Tech EC agrees that the United States, at a minimum, shall be entitled to recoup from Tetra Tech EC any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Tetra Tech EC's books and records and to disagree with any calculations submitted by Tetra Tech EC or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Tetra Tech EC, or the effect of any such Unallowable Costs on the amount of such payments.

9. This Agreement is intended to be for the benefit of the Parties and the Relators only.

10. Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly (within three (3) or fewer business days) sign and file in the Civil Actions a Joint Stipulation of Dismissal of the First, Second, Third, and Fourth Causes of Action in the Second Amended Complaint in Intervention with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

11. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

12. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

13. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of California. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

15. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

16. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17. This Agreement is binding on Tetra Tech EC's successors, transferees, heirs, and assigns.

18. This Agreement is binding on Relators' successors, transferees, heirs, agents, assigns and representatives.

19. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement (the "Effective Date of this Agreement"). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE UNITED STATES OF AMERICA

DATED: 1/17/2025 BY: ______________________

A. Thomas Morris
Jonathan K. Hoerner
Adam J. DiClemente
Trial Attorneys
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 01/17/2025 BY: ______________________

Michael Pyle
Savith Iyengar
Assistant United States Attorneys
Northern District of California

TETRA TECH EC, INC.

DATED: 1/16/2025 BY: ______________________
Andrew Bolt
Tetra Tech EC, Inc.

DATED: 1/16/2025 BY: ______________________
Davina Pujari
Christopher Casamassima
Christopher Rheinheimer
Counsel for Tetra Tech EC, Inc.

Attachment A

United States' Allocation of the Settlement Amount

Allocation of Settlement Amount to Soil Fraud Allegations: **$51,870,000**

Allocation of Settlement Amount to Building Scan Fraud Allegations: **$5,130,000**