WILMER CUTLER PICKERING
  HALE AND DORR LLP
DAVINA PUJARI, SBN 183407
CHRISTOPHER A. RHEINHEIMER, SBN 253890
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
davina.pujari@wilmerhale.com
chris.rheinheimer@wilmerhale.com

CHRISTOPHER T. CASAMASSIMA, SBN 211280
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 445-5374
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

ANDREW RHYS DAVIES (admitted *Pro Hac Vice*)
7 World Trade Center, 250 Greenwich Steet
New York, NY 10007
Telephone: (212) 295-6475
Facsimile: (212) 230-8888
andrew.davies@wilmerhale.com

*Attorneys for Defendants Tetra Tech, Inc.*
*And Tetra Tech EC, Inc.*

J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
CAROLINE W. STANTON
ROSEMARY C. YOGIAVEETIL
ALEX HAYWOOD
DAVID HAMMACK
HEIDY GONZALEZ
LAUREN GERBER
ERIN TROTTA
Trial Attorneys Civil Division, Torts Branch
P.O. Box 340 Washington, D.C. 20044
Telephone: (202) 616-4223
Email: albert.lai@usdoj.gov

*Attorneys for the United States of America*

DEFENDANTS' REPLY IN SUPPORT OF RULE 37 MOTION FOR SANCTIONS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC.; TETRA TECH EC, INC; and ROES 1-100 Inclusive,<br><br>Defendants. | Case No. 3:20-cv-01481-JD<br>Assigned to the Honorable James Donato<br><br>**DEFENDANTS' REPLY IN SUPPORT OF RULE 37 MOTION FOR SANCTIONS PRECLUDING EVIDENCE AND DRAWING ADVERSE INFERENCES FROM NON-APPEARING WITNESSES**<br><br>Date: February 6, 2025<br>Time: 10:00am<br>Courtroom: 11<br>Judge: Hon. James A. Donato |
| FIVE POINT HOLDINGS, LLC and CP DEVELOPMENT CO., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:20-cv-01480-JD |
| CPHP Development, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01485-JD |
| UNITED STATES OF AMERICA, ex rel. JAHR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:13-cv-03835-JD |

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TETRA TECH, INC., et al.,<br><br>            Defendants. | Case No. 3:18-cv-05330-JD |
| KEVIN ABBEY, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TETRA TECH EC, INC. and TETRA TECH, INC.,<br><br>            Defendants. | Case No. 3:19-cv-07510-JD |
| BAYVIEW HUNTERS POINT RESIDENTS, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TETRA TECH, INC., et al.,<br><br>            Defendants. | Case No. 3:19-cv-01417-JD |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Five Point Holdings and CP Dev. Co. (together, "Five Point") should be sanctioned for causing the non-appearance of four deposition witnesses. Five Point controlled those witnesses by directing the other parties to contact three of them through Five Point's counsel, and by later confirming that counsel represents and was coordinating the scheduling of all four of them. Sanctions are appropriate because the four witnesses were managing agents of Five Point and failed to appear for their depositions, or alternatively because Five Point interfered with the appearance of the four witnesses by claiming to represent them and then refusing to cooperate in scheduling their depositions.

### I. Five Point Forfeited the Justifications It Now Seeks to Present When It Caused Five Point-Affiliated Witnesses to Defy Their Deposition Subpoenas

Five Point has no response to Defendants' showing, Mot. at 5-7, that it was improper for Five Point to have Daniel Cooke, Sheryl McKibben, Vickie Nyland, and Gordon Hart (the "Witnesses"), defy their deposition subpoenas, instead of either negotiating alternative dates or moving for a protective order. As the court explained in *Karimi v. Golden Gate Sch. of Law*, non-appearance sanctions are appropriate where a party "could have sought a protective order from the Court barring the deposition, but made no effort to do so." 361 F. Supp. 3d 956, 969-70 (N.D. Cal. 2019), *aff'd*, 796 F. App'x 462 (9th Cir. 2020). Therefore, arguments presented for the first time in response to a Rule 37 motion for sanctions—such as those that Five Point presents now—are "untimely." *ProDox, LLC v. Pro. Document Servs., Inc.*, 2022 WL 2275185, at *2 (D. Nev. June 22, 2022). Other parties in these cases that objected to deposition subpoenas have correctly sought protective orders. *See, e.g.*, United States' Request for Protective Order to Quash Depositions of U.S. Counsel and Investigator, Case No. 20-cv-01480, ECF No. 177.

Five Point's contrary approach of unilateral defiance is sanctionable, and the excuses that it failed to present in a timely motion for a protective order are forfeited.

## II. Five Points' Arguments Are Meritless In Any Event

### A. The Argument That the Witnesses Were Not Validly Served Is Incorrect Given Five Point Controlled the Witnesses and Purported to Be Working to Schedule Their Depositions

Five Point's opposition, citing counsel's declaration, makes the remarkable argument that, after telling Defendants that they represented the Witnesses and engaging in what appeared at the time to be good-faith discussions to schedule their depositions: "My office never obtained authority to accept service of the subpoenas on behalf of these nonparties, and never advised Tetra Tech that we had such authority." ECF No. 230-1, Dintzer Decl. at ¶ 8; *see also* Opp. at 13.

The facts are as follows:

- Five Point's Rule 26(a)(1)(A)(i) disclosures indicated that Cooke, Nyland, and McKibben should be contacted through Five Point's counsel. Davies Decl., Ex. E. In November 2024, Tetra Tech's counsel therefore contacted Five Point's counsel about service of the subpoenas and about scheduling. Davies Decl., Ex. F.

- Five Point's Rule 26(a)(1)(A)(i) disclosures identified Hart as an individual with discoverable information, and indicated that he should be contacted through his law firm. Davies Decl., Ex. E. After Hart's law firm declined to cooperate in effecting service, Tetra Tech's counsel served him at home and provided the required witness fee.

- After repeated follow-up emails from Tetra Tech's counsel, on December 4, 2024, Five Point's counsel stated: "We will be representing all four witnesses and are confirming availability." Davies Decl., Ex. F.

- Between December 4 and December 18, 2024, counsel engaged in discussions about scheduling the four depositions. Davies Decl., Ex. F. Eventually, on December 18, 2024, right before the holidays, Five Point's counsel stated that the Witnesses would not appear on the noticed date or on any other date during the discovery period. Davies Decl., Ex. G.

Five Point took control of the notices by representing the Witnesses, never provided available dates for any of the four, and declared they would fight any attempt to take these depositions at all.

B.  **Sanctions Are Available Because the Witnesses, Whom Five Point Counsel Represents, Are Five Point's Managing Agents**

Five Point seeks to avoid sanctions on the ground that the Witnesses are not its "managing agents." Opp. at 9-13. Five Point is mistaken. As Defendants have shown, Mot. at 5-6, the Witnesses are "managing agents" within the meaning of Rule 37. The "paramount test" to determine if an individual is a managing agent is whether the witness "identifies with the corporation rather than the adversary." Mot. at 6 (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103 (3d ed.)). The inquiry turns on whether the Witnesses identify with Five Point rather than with Tetra Tech or the United States. Mot. at 5-6. Five Point understandably does not contend that the Witnesses identify with Tetra Tech or with the United States. Witnesses may be considered managing agents when their interests remain "consonant with rather than adverse" to the corporation. *Id.*

Former employees, such as the Witnesses here, can be managing agents. *McCray v. Westrock Servs. LLC*, 2023 WL 4681371, at *4 (C.D. Cal. July 18, 2023) (former employee who testified on entity's behalf and provided a declaration was a managing agent of that entity). "The main reason for preventing former employees from being 'managing agents' is to provide protection against 'disgruntled former employees,'" but where former employees continue to cooperate with a former employer, "there is no such concern." *Id.* (citation omitted). Here, counsel for Five Point represents the witnesses, and Five Point controlled their appearance by undertaking to represent them and requiring other parties to contact Five Point's counsel to schedule depositions. In these circumstances, the Witnesses are managing agents of Five Point because they continue to coordinate and cooperate with Five Point.

Five Point's argument to the contrary relies on out-of-circuit district court cases, where the courts variously made fact-bound determinations that have no bearing here or did not analyze what actually constitutes a managing agent. Opp. at 9-10. The one in-district case Plaintiffs cite, *In Re PFA Ins. Mktg. Litig.*, is irrelevant because there it was unclear whether the company could compel the witness to sit for the deposition. 2021 U.S. Dist. LEXIS 271711, at *6 (N.D. Cal. Jan.

21, 2021). Here, Five Point clearly could cause the Witnesses to appear as their counsel held themselves out as representing the Witnesses and purported, at least, to be coordinating their schedules. Because the Witnesses were managing agents of Five Point, they are subject to Rule 37(d)(1)(A), and a motion for a protective order was necessary to excuse their nonappearance under Rule 37(d)(2). Mot. at 5-7.

        **C.**     **Even if the Witnesses are not Managing Agents, Rule 37 Sanctions are Warranted Because Five Point Interfered with the Appearances**

Counsel for Five Point interposed themselves between Side Two and the Witnesses by claiming to represent them, and then refused to provide any dates for their depositions. Mot. at 5. Courts have held that sanctions are appropriate where a party interferes with the appearance of non-party witnesses. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2024 WL 4823938, at *18, *20 (N.D. Cal. Nov. 15, 2024) (sanctions for interfering with appearance of former employee by facilitating employee's resignation before deposition); *Karnazes v. Cnty. of San Mateo*, 2010 WL 2672003, at *5 (N.D. Cal. July 2, 2010) (precluding non-party witness because party "failed to timely produce him for deposition").

**III.**     **Five Point's Complaints About the Timing of the Depositions Do Not Justify Its Failure to Cooperate in Discovery**

Five Point argues that sanctions are not appropriate because Side Two sought to depose the four Witnesses late into fact discovery, Opp. at 14-16, but Side Two "was entitled to schedule the depositions within the time allowed by the remaining discovery period." *Paine v. Inv. & Admin. Comm. of the Walt Disney Co. Sponsored Qualified Ben. Plans & Key Emps. Deferred Comp. & Ret. Plan*, 2022 WL 1584495, at *4 (C.D. Cal. Mar. 30, 2022).

The facts of this case are like those in *Paine*. In *Paine*, the plaintiffs noticed four depositions in November 2021, with fact discovery closing on December 31, 2021. *Id.* at *2, *4. Defendant's counsel repeatedly stated that the witnesses were not available, but "did not provide any alternative dates for their depositions, despite the fact that the deposition cut-off was only two weeks away." *Id.* at *2 (citation omitted). When the witnesses failed to appear, plaintiffs moved for sanctions for the witnesses' nonappearance. *Id.* The court noted that both parties had

been using the December 31, 2021, deadline "to try to press a strategic advantage," but that did not change plaintiffs' right to schedule depositions within the discovery period. *Id.* at *4. The court held sanctions were appropriate because defendants failed "to provide alternative dates for the properly noticed depositions or to seek a protective order." *Id.* at *5.

Here, sanctions are similarly appropriate because Five Point failed to provide any alternative dates for the depositions or move for a protective order. Between December 4 and December 18, 2024, Tetra Tech and the United States requested discussions to schedule the four depositions. Davies Decl., Ex. F. Acknowledging the holiday season, Tetra Tech and the United States was of course willing to accommodate the Witnesses' schedules—that was the purpose of counsel for Tetra Tech and the United States' outreach in November 2024. *Id.* Five Point, however, did not engage until December 18, 2024, when Five Point's counsel stated that the Witnesses would not appear on the noticed date. *Id.* On December 24, 2024, Five Point's counsel reiterated they would not appear on the noticed date or on any other date during the discovery period. Davies Decl., Ex. G, ECF No. 224-8. Five Point's "wholesale failure" to provide alternative dates merits sanctions. *Paine*, 2022 WL 1584495, at *5.

Tetra Tech and the United States has been prejudiced by Five Point's failure to cooperate in discovery. Five Point concedes that the four Witnesses are significant fact witnesses with important percipient knowledge. As Five Point says, the Witnesses "were listed in Plaintiffs' initial disclosures, identified in over 90,000 unique documents produced in this litigation, and discussed during 20 depositions." Opp. at 6. Under these circumstances, Five Point defeats their own argument that no prejudice has flowed from their failure to cooperate in the scheduling of the Witnesses' depositions.

**IV.     The Requested Preclusive Sanctions Should Apply to All Related Cases**

Plaintiffs in the related case, *CPHP Development, LLC, et al. v Tetra Tech, Inc., et al.*, 3:20-cv-1485, ("Lennar") separately oppose the Motion because they argue that (1) preclusive sanctions should not apply to them and (2) an adverse inference instruction if granted against Five Point could prejudice Lennar. ECF No. 240. Neither argument has merit.

-5-
DEFENDANTS' REPLY IN SUPPORT OF RULE 37 MOTION FOR SANCTIONS

First, the preclusive sanctions should apply equally to Lennar. Lennar, like Five Point, had the ability to control the appearance of the Witnesses. Lennar and Five Point have a corporate and joint-defense relationship. Lennar is a significant shareholder in Five Point. If Lennar wanted to ensure that it could call the Witnesses at trial, it could and should have intervened to stop Five Point from obstructing their depositions.

Second, an adverse inference instruction as to Five Point will not unfairly prejudice Lennar. There is no basis for the concern that a finder of fact will not be able to distinguish between Lennar and Five Point when applying an inference. Juries have been asked to consider far more complex issues than distinguishing two companies working on adjacent development projects.

*   *   *

Finally, the Court should disregard Five Point's conclusory request that the Court *sua sponte* issue sanctions against Defendants for bringing this motion. Opp. at 6. Five Point admits that sanctions are "not particularly sought" through their brief. Opp. at 6. Any request by Five Point for sanctions is also procedurally deficient and lacks factual or legal support. If Five Point brings a properly presented motion, Defendants will respond. The only sanctions that should be imposed are those sought in Defendants' Rule 37 Motion.

## V. CONCLUSION

For the foregoing reasons, the Court should preclude Side One from calling Mr. Cooke, Ms. McKibben, Ms. Nyland, or Mr. Hart at trial. This Court should also order adverse inferences against Five Point on the topics for which the four witnesses would have testified, and order supplemental briefing on appropriate instructions.

| | |
|---|---|
| DATED: January 17, 2025 | Respectfully submitted, |
| | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By:   /s/ *Andrew Rhys Davies*<br>DAVINA PUJARI<br>CHRISTOPHER A. RHEINHEIMER<br>CHRISTOPHER T. CASAMASSIMA<br>ANDREW RHYS DAVIES |
| | *Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.* |
| | J. PATRICK GLYNN<br>Director, Torts Branch |
| | */s/ Albert K. Lai*<br>ALBERT K. LAI<br>Assistant Director |
| | CAROLINE W. STANTON<br>ROSEMARY C. YOGIAVEETIL<br>ALEX HAYWOOD<br>DAVID HAMMACK<br>HEIDY L. GONZALEZ<br>LAUREN GERBER<br>ERIN TROTTA |
| | *Attorneys for Defendant United States* |