

**U.S. Department of Justice**
**Civil Division**

January 27, 2025

Honorable James Donato
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Five Point Holdings, LLC v. United States*, No. 20-cv-01480; *CPHP Development, LLC, et al. v. Tetra Tech EC, Inc., et al.*, No. 20-cv-01485; *United States of America, ex rel. Jahr, et al. v. Tetra Tech EC, Inc., et al.*, No. 3:13-cv-03835

**Request for Order Enforcing Privilege Notice and Destruction of Inadvertently Produced Presentencing Investigation Reports (PSIRs)**

Dear Judge Donato:

The United States respectfully seeks an order enforcing its January 13, 2025[1] Privilege Notice, issued pursuant to the Stipulated Clawback Agreement and FRE 502(d) Order ("502(d) Order") in the Hunters Point litigation. *CPHP Dev. LP v. Tetra Tech, Inc.*, 3:20-cv-1485-JD, ECF No. 111. Pursuant to the terms of the 502(d) Order, the United States sought to claw back the presentence investigation reports ("PSIR") for Justin Hubbard and Steven Rolfe and related documents. The United States seeks destruction of those documents in accordance with Crim. L.R. 32-7 and Fed. R. Crim. P. 32. The parties met and conferred regarding this motion on January 27, 2025.

## Background

Throughout this litigation, the United States has withheld the PSIRs based on the protections and limitations on disclosure set forth in Crim. L.R. 32-7 and Fed. R. Crim. P. 32. On August 25, 2023, the United States notified the parties that it was withholding the Hubbard and Rolfe PSIRs in a privilege log for files from the United States Attorney's Office, Northern District of California. Side One did not object. However, the United States became aware that it had inadvertently included the Hubbard and Rolfe PSIRs in its December 27, 2024 production, after Side One referenced the PSIRs in its Supplement to Side One's Letter Regarding Motion to Compel Further Deposition Testimony from Stephen Rolfe, dated January 3, 2025. 3:20-cv-1485-JD, ECF No. 282. Despite the PSIRs appearance on the United States' August 25, 2023 privilege log, Side One parties did not notify the United States of the inadvertent disclosure prior to relying on and publicly referencing the PSIRs in their January 3, 2025 brief.

On January 13, 2025—within seven business days of Side One's filing—the United States issued a timely privilege notice in accordance with Paragraph II.1 of the 502(d) Order. The United

---

[1] This issue was not included in the parties' January 17, 2025 joint statement on outstanding discovery issues, as Lennar and Five Point served their objections on January 18, 2025.

States indicated for a second time that the PSIRs and related documents were privileged and requested that all parties destroy the documents identified in a privilege log accompanying its notice. On January 18, 2025, Lennar and Five Point responded to the United States' privilege notice with a letter refusing to destroy the properly clawed back PSIRs without a court order. In accordance with the 502(d) Order, the United States now seeks such an Order.

## Argument

### I. A court order requiring Lennar's and Five Point's destruction of the Hubbard and Rolfe PSIRs and related documents is warranted.

The 502(d) Order establishes that "Fed. R. Evid. 502(b) shall also apply to other privileges or protections asserted in the Actions, including but not limited to governmental privileges." *Id.* The 502(d) Order permits the issuance of a Privilege Notice within seven business days of when the producing party became aware of the disclosure.

The Hubbard and Rolfe PSIRs and related documents fall squarely within the protections of Fed. R. Evid. 502(b) and the 502(d) Order. Crim. L.R. 32-7 designates PSIRs as "confidential records of the Court," and limits disclosure of the PSIRs "to the Court, court personnel, the defendant, defense counsel and the attorney for the government in connection with sentencing, violation hearings, appeal or collateral review." *See also Hancock Brothers, Inc. v. Lyle L. Jones et al.*, 293 F. Supp. 1229, 1233 (N.D. Cal. 1968) ("information in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet ends of justice."). Fed. R. Crim. P. 32 imposes similar restrictions on the proliferation of PSIRs. *See, e.g.*, *Julian v. U.S. Dep't of Just.*, 806 F.2d 1411, 1416 (9th Cir. 1986) (recognizing that, while PSIRs can be disclosed to the subject defendants, other exemptions to disclosure "may be applicable to third party requests for presentence reports"). Therefore, the United States is prohibited from disclosing the Hubbard and Rolfe PSIRs and related documents, and, accordingly, the Court should require the receiving parties to destroy the documents.

### II. The United States took reasonable steps to prevent disclosure of the Hubbard and Rolfe PSIRs and related documents.

The 502(d) Order establishes "a rebuttable presumption that a Producing Party has taken reasonable steps to prevent disclosure under Fed. R. Evid. 502(b)(2) of a Document." *See CPHP Dev. LP v. Tetra Tech, Inc.*, 3:20-cv-1485-JD, ECF No. 111 at 8. Lennar and Five Point cannot overcome that presumption here. As noted *supra*, the United States first notified all parties that it was withholding copies of the Hubbard and Rolfe PSIRs on August 25, 2023. As evidenced by the United States' prior assertion of governmental privilege over these documents, the recent disclosure of the Rolfe and Hubbard PSRs was inadvertent and unintentional. Moreover, upon learning of the inadvertent disclosure, the United States acted swiftly to identify any copies of the PSIRs that were included in its December 27, 2024 production and to claw back the documents within the time provided by the 502(d) Order.

Hon. James Donato
January 27, 2025
Page - 3 -

The United States' immediate action to claw back the documents coupled with its practice of withholding such documents in its August 25, 2023 Privilege Log demonstrate that the United States did not waive the protections of Crim. L.R. 32-7 and Fed. R. Crim. P. 32.

*  *  *

Accordingly, the United States respectfully requests that the Court order all parties and document vendors to take all actions required by the 502(d) Order, including destroying any copies of these privileged documents and confirming in writing to the United States that the documents have been destroyed; destroying any documents containing notes or information about the contents of these privileged documents; and, to the extent these privileged documents or information about the contents of these privileged documents were disclosed or disseminated, taking reasonable steps to retrieve the documents and notifying the United States of the disclosure and efforts to retrieve the documents or information.

Respectfully submitted,

*/s/ Lauren Gerber*
LAUREN GERBER
*Counsel for the United States*