David C. Anton (Cal. SBN 94852)
Margaret E. Roeckl (Cal SBN 129783)
Law Office of David Anton
1717 Redwood Lane
Davis, CA 95616

Tel: 530-220-4435
Email: davidantonlaw@gmail.com

Counsel for All FCA Relators

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ARTHUR R. JAHR, III, ET AL., ANTHONY SMITH, & DONALD K. WADSWORTH et al., | CASE NO. 3:13-CV-03835- JD |
| Relators/Plaintiffs, | Related Actions: 3:16-CV-1106-JD<br>3:16-CV-1107-JD |
| vs. | **RELATORS' REPLY IN SUPPORT OF MOTION FOR HEARING PURSUANT TO 31 U.S.C. §3730 (c)(2)(B), FOR THE HEARING TO BE HELD IN CAMERA, AND FOR THE COURT'S DETERMINATION AND APPROVAL OF THE FALSE CLAIMS ACT SETTLEMENT AS FAIR, ADEQUATE, AND REASONABLE UNDER ALL THE CIRCUMSTANCES (Dkt. No. 533)** |
| TETRA TECH EC, INC., et al. | |
| Defendants. | |

Hearing Date:  August 13, 2026
Time:           11:00 a.m.
Judge:          Hon. James Donato
Courtroom:      11 – 19th Floor

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616

Relators' Reply Re: Motion for Hearing for FCA Settlement Approval    13-CV-03835-JD    - 1 -

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616

The United States Response to Relators' Motion For Hearing for the Court's determination and approval of the False Claims Act (FCA) settlement (Dkt. Nos. 533), and the other motions filed for hearing on August 13, 2026, do not substantively assist the Court in addressing the motions' issues. Rather, the United States notes and quotes the closing sentence of the November 7, 2025 Order, Dkt. No. 509: "After receiving the submissions on December 5, 2025, the Court will call for responses or set an evidentiary hearing, as warranted." Nine months will have passed from the December 5, 2025 briefing to the August 13, 2026 hearing date. In addition to the Court, the parties have the right in litigation to bring matters to the Court for resolution. Relators understand the Court is very busy, and Relators have concluded that filing these four motions could be of substantial assistance to the Court in concluding this 13-year-old litigation. Relators request that the Court conduct the hearing, make any appropriate inquiry, and issue an appropriate order. To assist the Court, Relators have attached to each of Relators' Reply filings two proposed orders for the four motions set for hearing on August 13, 2026, one order marked as Proposed Order A to resolve the specific motion and one order marked as Global Order B resolving all issues raised by all the motions. The proposed orders are attached, and the proposed orders are supplied to the Court's chambers in a WORD version.

## I.  An In-Camera Hearing To Assist The Court In Approving The Settlement Is Appropriate.

The DOJ's Response does not contest that an in-camera hearing is required by the statute and would assist the Court in meeting its duty to find the settlement to be fair, adequate, and reasonable under all the circumstances. The DOJ's response contends that the March 27, 2025 hearing did address whether the FCA settlement was fair, adequate, and reasonable under all the circumstances as required by 31 U.S.C. §3730(c)(2)(B). (Dkt. 535 p. 19-26.) The DOJ's Response notes that the March 27, 2025 hearing was *intended* to address the FCA settlement. However, the DOJ *misleads* by inferring that the settlement was evaluated by the Court. There

Relators' Reply Re: Motion for Hearing for FCA Settlement Approval    13-CV-03835-JD    - 2 -

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616

was no discussion or inquiry whether the FCA settlement was fair, adequate, and reasonable. (Dkt. 481 transcript of hearing). In Relators' motion, the transcript and issues addressed were noted, none being an inquiry into whether the FCA settlement was fair, adequate, and reasonable under all the circumstances. (Motion Dkt. 533 p. 2:1-11.)

The DOJ Response quotes a section of the transcript in which the Court asked if Relators had an objection to the *overall settlement figure* of the combined FCA and CERCLA settlement of $97million, for which Relators' counsel confirmed Relators did not have an objection to the *overall settlement figure* of the combined FCA and CERCLA settlement of $97 million. The DOJ's use of this exchange is *misleading* to the Court. There was no discussion in the March 27, 2025 hearing on whether the FCA settlement was fair, adequate, and reasonable under all the circumstances; the DOJ's quoted section had nothing to do with this statutory issue.

The DOJ does not contest Relators' assertion that the DOJ brief of December 5, 2025 and the attached declarations were not fully forthcoming to the Court as to the reasons the settlement was fair, adequate, and reasonable. The DOJ did not want to put in its court filings information that disclosed the risks and hazards of a trial against Tetra Tech EC, Inc. in this FCA case. There is no contention by the DOJ's responsive papers that an in-camera hearing would not assist the Court in evaluating the settlement.

This Court in its Order of November 7, 2025, wrote that courts

"cannot just rubber stamp the government's justification. (citation) That in effect is what the government asks for here. It did not explain in a meaningful way the rationale for entering into this particular settlement, and presented only a quarter of a page of bromides that would apply to any decision to settle a case." (Order Dkt. 509 p.3:15-19)

The government's December 5, 2025 brief presented more text, but did not present more detail about the rationale for entering into the $57,000,000.00 settlement. The government's December 5, 2025, five-pages of explanation and expert declarations attached, do little, or close to nothing,

Relators' Reply Re: Motion for Hearing for FCA Settlement Approval    13-CV-03835-JD    - 3 -

LAW OFFICE OF DAVID ANTON
1717 REDWOOD LANE
DAVIS, CA 95616

to explain why the $57,000,000 settlement is a fair, adequate, and reasonable settlement under all the circumstances, (See, DOJ brief, Dkt. No. 520) when the government's own Second Amended Complaint (filed March 2024) sought damages in excess of $151,000,000.00, which amount could be tripled to over $454,000,000.00 pursuant to the FCA statute. The two expert declarations the DOJ submitted do not provide evidentiary support for the settlement amount. These declarations are bereft of any explanation for the significant difference between the settlement reached and the FCA damages sought by the government in its SAC. (Dkt. 520-2 and 520-4) Relators' counsel is aware of the risks and hazards involved, and has concluded that the settlement is fair, adequate, and reasonable under the circumstances. Similarly to the DOJ, Relators' counsel is not in a position to set those facts and reasons forth publicly because Tetra Tech EC, Inc. can access that information for its own use if the settlement is not approved. An in-camera hearing is necessary and appropriate to assist the Court in evaluating and approving the FCA settlement as fair, adequate, and reasonable under all the circumstances.

## II.      Conclusion

Relators respectfully submit that an in-camera hearing is required by statute, and required by the circumstances in this FCA case for the Court to fully evaluate whether the $57,000,000.00 FCA settlement meets the test of being fair, adequate, and reasonable under all the circumstances. Relators believe that the Court will conclude that the settlement is fair, adequate, and reasonable under all the circumstances.

Dated: July 24, 2026                                    Respectfully Submitted,


                                                        ___//David C. Anton//_____
                                                        David C. Anton
                                                        Counsel for All Relators

# Proposed Order A

# Hearing Re: Settlement Is Fair, Adequate, and Reasonable

# (Dkt. No. 533)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ARTHUR R. JAHR, III, ET AL., ANTHONY SMITH, & DONALD K. WADSWORTH et al., <br><br> Relators/Plaintiffs, <br><br> vs. <br><br> TETRA TECH EC, INC., et al. <br><br> Defendants. | CASE NO. 3:13-CV-03835- JD <br><br> Related Actions: 3:16-CV-1106-JD <br> 3:16-CV-1107-JD <br><br> **(Proposed) ORDER OF APPROVAL OF THE UNITED STATES FALSE CLAIMS ACT SETTLEMENT WITH DEFENDANT TETRA TECH EC, INC. AS FAIR, ADEQUATE, AND REASONABLE UNDER ALL THE CIRCUMSTANCES (Dkt. No. 533)** |

The Relators' Motion for Hearing In Camera and For The Court's Approval Of The False Claims Act Settlement As Fair, Adequate, and Reasonable Under All The Circumstances (Dkt. No. 533) came on regularly for hearing on August 13, 2026. The Court, after consideration of the motion filings, the records in this case, and the hearing on this motion finds:

1.      On August 19, 2013, four relators, Arthur R. Jahr, III, Elbert G. Bowers, Susan V. Andrews, and Archie R. Jackson, filed a False Claims Act, herein *Jahr,* suit under seal. The United States intervened in *Jahr* and settled the claims.

(Proposed) Order Of Approval of USA FCA Settlement          13-CV-03835-JD          - 1 -

2.     On March 4, 2016, Relator Anthony Smith filed a False Claims Act suit, and filed a First Amended Complaint on June 29, 2017, herein *Smith,* under seal. The United States intervened in *Smith* and settled the claims.

3.     On March 4, 2016, Relators Donald K. Wadsworth and Robert McLean filed a False Claims Act suit, herein *Wadsworth/McLean,* under seal. The United States intervened in *Wadsworth/McLean* and settled the claims.

4.     The Court finds that the settlement of the Relators' claims intervened in by the United States is fair, adequate, and reasonable under all the circumstances.

5.     The Court finds that the False Claims Act and the CERCLA settlements of this action are an excellent recovery for the United States to redress the alleged conduct of Defendant Tetra Tech, EC, Inc.

6.     The FCA Settlement is approved, and the United States and Tetra Tech EC are directed to perform their settlement in accordance with the terms set forth in the FCA settlement.

   **IT IS SO ORDERED.**

**DATED:** _____

   **HON. JAMES DONATO**
   United States District Judge

(Proposed) Order Of Approval of USA FCA Settlement          13-CV-03835-JD          - 2 -

# Proposed Global Order B

# (Dkt. Nos. 530, 531, 532, 533)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ARTHUR R. JAHR, III, ET AL., ANTHONY SMITH, & DONALD K. WADSWORTH et al., <br><br> Relators/Plaintiffs, <br><br> vs. <br><br> TETRA TECH EC, INC., et al. <br><br> Defendants. | CASE NO. 3:13-CV-03835- JD <br><br> Related Actions: 3:16-CV-1106-JD <br> 3:16-CV-1107-JD <br><br> **(Proposed)** <br> **GLOBAL ORDER ON** <br> **FCA SETTLEMENT AND** <br> **RELATORS' SHARES** <br> **(Dkt. Nos. 530, 531, 532, 533)** |

The Relators' four motions, Dkt. Nos. 530, 531, 532, and 533, pertaining to the False Claims Act settlement came on regularly for hearing on August 13, 2026. The Court, after consideration of the motions' filings, the records in this case, and the hearing in this matter, finds and **ORDERS** as follows:

1.      The parties agree and this Court finds that the United States' FCA Settlement with Tetra Tech EC, Inc. is fair, adequate, and reasonable under all the circumstances. The Court finds that the settlement of the FCA, and the combined settlement of the FCA and the CERCLA claim in this action, are both excellent settlements for the government.

2.      The FCA Settlement is APPROVED, and the United States and Tetra Tech EC, Inc. are directed to perform their settlement in accordance with the terms set forth in the FCA settlement agreement.

3.      The Court finds that the $57,000,000.00 settlement sum, and the $356,054.79 interest payment made by Tetra Tech EC, Inc. to the United States for the FCA settlement are the settlement sums from which the Relators' shares are to be determined. The United States and the

(Proposed) Global Order On FCA Settlement And Relators' Shares     13-CV-03835-JD  - 1 -

Relators agree, and this Court finds and ORDERS that the Relators shall be and are hereby jointly awarded a total of 21% of the $57,356,054.79 for a total settlement sum, $12,044,771.51.

4.      The United States and Tetra Tech EC, Inc. allocated 91% of the FCA settlement sum to Soil Fraud allegations, which including pro-rated interest, is $51,870,000.00, and 9% to the Building Scan Fraud allegations, which including pro-rate interest, is $5,130,000.00. The Relators do not contest this allocation, and the Court finds the 91% Soil Fraud and the 9% Building Scan Fraud allocation to be appropriate and is hereby APPROVED.

5.      The United States and the Relators have agreed to Relators receiving a 21% share of the Soil Fraud and 21% of the Building Scan Fraud allegations settlement. The Court finds the 21% share agreement on both the Soil Fraud settlement sum and the Building Scan settlement sum to be appropriate and is hereby APPROVED. The total payment to Relators for the 21% share for the Soil Fraud is $10,960,742.07. The total payment to Relators for the 21% share for the Building Scan Fraud is $1,084,029.44. These sums total $12,044,771.51, and the total sum is ORDERED to be paid by the United States to counsel for Relators within 10 days of this Order.

6.      The Court finds that each of the three FCA cases pled separate, distinct, and independent soil fraud allegations that the United States intervened in and settled. The Court finds that the *Wadsworth/McLean* case, 3:16-cv-01107-JD, and the *Smith* case, 3:16-cv-1106-JD, each pled separate, distinct, and independent building scan fraud allegations that the United States intervened in and settled. The Court finds that the first-to-file bar does not apply to bar any of the three FCA cases from receiving a Relator's share of the FCA settlement with Tetra Tech EC, Inc.

7.      All Relators proposed, and the Court Finds and ORDERS that the *Jahr* case is awarded a 59% share of the Soil Fraud allegations settlement ($6,466,837.82), the *Smith* case is awarded a 26% share of the Soil Fraud allegations settlement ($2,849,792.94), and the *Wadsworth/McLean* case is awarded a 15% share of the Soil Fraud allegations settlement ($1,644,111.31).

8.      All Relators proposed, and the Court Finds and ORDERS that the *Smith* case is awarded a 50% share of the Building Scan Fraud allegations settlement ($542,014.72), and the *Wadsworth/McLean* case is awarded a 50% share of the Building Scan Fraud allegations settlement ($542,014.72).

9.      The Court finds that the Relators' motion for an order distributing the Relators' settlement share to an interest-bearing trust account of Relators' counsel is mooted by this Order's terms that

(Proposed) Global Order On FCA Settlement And Relators' Shares      13-CV-03835-JD  - 2 -

the United States forward to Relators' counsel within 10 days of the Order the Relators' settlement share of $12,044,771.51.

10.     The United States and Tetra Tech EC, Inc. settlement at "Terms and Conditions" paragraph 3 provided that Relators' rights to pursue attorneys' fees and costs under 31 U.S.C. § 3730(d) are reserved. The Court shall retain jurisdiction to determine the Relators' counsel's attorney fees and costs provided for under 31 U.S.C. § 3730(d).

**IT IS SO ORDERED.**

**DATED:**

_____

**HON. JAMES DONATO**
United States District Judge

(Proposed) Global Order On FCA Settlement And Relators' Shares     13-CV-03835-JD  - 3 -